McNULTY, Judge.
This is an action filed by a trustee in bankruptcy, pursuant to § 70(e) of the Bankruptcy Act,[1] to recover monies paid, it is alleged, from a “preferred creditor.” Final summary judgment was entered in favor of the trustee and the creditor appeals. We reverse.
It undisputedly appears that the bankrupt was a corporation engaged as a general construction contractor; and, while insolvency was imminent in December, 1966, it made a payment to appellant Houdaille who was at that time an unpaid subcontractor on a prior job of the bankrupt. It is this payment which is allegedly preferential and which is the subject of this suit.
As noted, this action was brought under § 70(e) of the Bankruptcy Act. The material provisions thereof are as follows:
“(1) A transfer made * * * by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor.
(2) * * * The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it except the person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State laws.” [Emphasis supplied]
The parties agree, initially, that under the foregoing section a trustee in bankruptcy may recover any payment made by the bankrupt to another, prior to bankruptcy, unless the same is valid under applicable state laws. Appellant Houdaille contends, of course, that the questioned payment was valid, and it pleaded reliance on the provi *307 sions of § 608.55, F.S.A., so as to bring- the case within the exception of paragraph (2) of § 70(e) quoted above. The trustee, on the other hand submits that the payment was invalid under the aforesaid § 608.55 in that certain conditions thereof were clearly not met. Alternatively, and in view of the admitted fact that the subject payment was made from a construction loan “progress draw” at a time when subcontractors and/or materialmen on the job for which the loan was made, were, and remain, unpaid, the trustee argues that the payment was void under § 84.341(3), F.S.1965,[2] of the Florida Mechanics Lien law, thus falling within the condemning language of paragraph (1) of § 70(e), supra. Houdaille denies the applicability of § 84.341(3).
Section 608.55, F.S.A., provides in pertinent part:
“ * * * No * * * transfer of any property of any such corporation by it * * * nor any payment made * * * when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation, shall be valid * * *. Every transfer or assignment or other act done in violation of the foregoing provision of this section shall be void except in the hands of a purchaser for a valuable consideration without notice.” [Emphasis supplied]
Section 84.341, F.S.1965,[3] provides:
“(3) Any person, firm, corporation or agent, officer or employee thereof who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed on or materials furnished for this specific improvement, while any amount for which he may be or become liable for such labor, services, or materials remains unpaid shall be guilty of embezzlement and shall be prosecuted and, upon conviction, punished in accordance with the provisions of the laws of this state; provided, however, that failure to pay such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.” [Emphasis supplied]
We are of the view that either or both of these sections may control the outcome of this case. Noncompliance with the provisions of § 608.55, F.S.A., would avoid the saving grace of the exception in paragraph (2) of § 70(e), supra-, and a violation of § 84.341(3), supra, would void the transaction and bring it within the sanctions of paragraph (1) of said § 70(e).
It will be noted that among other things each of the last-quoted sections requires an “intent” on the part of the trans-feror, i. e., an “intent” to prefer one creditor over another in § 608.55, and an “intent” to defraud in § 84.341(3). The summary judgment appealed from is couched in general terms and the trial judge did not specify the grounds or the statute on which he based his rulings; nor does appellant take umbrage on this appeal with any necessary incident of the judgment save the final resolution therein of the requisite “intent.” So assuming no material issues of fact regarding any other requirements of either of the last-quoted sections, we think the record reflects that the trustee has failed to affirmatively establish, as he must,[4] that the issue of “intent” has been undisputedly resolved as it may relate to either section. Intent to prefer, within the purview of § 608.55, supra, was expressly denied under oath in a deposition taken of the president and principal stockholder of the bankrupt corporation; *308 and with reference to § 84.341, supra, the conversion of a construction loan “draw” is only prima facie evidence of fraudulent intent. In short, the undisputed evidence may well establish a prima facie case for the trustee on all the issues, but on the issue of “intent” required under either § 608.55, supra, or § 84.341, supra, at least, the evidence doesn’t resolve it in his favor beyond a peradventure of a doubt.[5] Accordingly, “intent” remains a triable issue and it was error to grant summary judgment for the trustee.
The judgment appealed from should be, and it is, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
PIERCE, Acting C. J., and MANN, J., concur.

. Now codified as 11 U.S.C.A. § 110(e).

. Now § 713.34(3), F.S.A.

. Id.

. See, e. g., Holl v. Talcott (Fla.1966), 191 So.2d 40; and Matarese v. Leesburg Elks Club (Fla.App.2d 1965), 171 So.2d 606.

. Id.