SCHEB, Judge.
Appellant appeals a summary judgment which declared appellee’s lands to be in bona fide agricultural use and directed the appellant to reclassify said lands as agricultural.
Appellant denied appellee’s application for agricultrual classification on the authority of § 193.461(4) (c), Fla.Stat., which states:
“Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted.”
We find it unnecessary to determine the sufficiency of appellee’s evidence of special circumstances offered to rebut the statutory presumption under § 193.461 (4) (c), since evidence in support of its motion for summary judgment failed to establish that appellee’s lands were used for “bona fide agricultural purposes” as defined by § 193.-461(3)(b). Appellee relied upon affidavits from its shareholders to prove that its lands were used for “bona fide agricultural purposes,” however, the facts contained in the relevant paragraphs of such affidavits[1] failed to show any good faith commerical use of appellee’s lands and hence were insufficient to meet the requirements of § 193.461(3) (b).[2] Hausman v. Rudkin, Fla. App.4th 1972, 268 So.2d 407.
The appellee, as moving party for a summary judgment, failed to sustain the *67 burden of showing sufficient facts to warrant a judgment in its favor under the applicable substantive law. Matarese v. Leesburg Elks Club, Fla.App.2d 1965, 171 So.2d 606; Houdaille-Duval-Wright Co. v. Congdon, Fla.App.2d 1970, 237 So.2d 305.
Reversed and remanded for further proceedings.
HOBSON, Acting C. J., and GRIMES, J., concur.

. “(8) That the agricultural purposes consist of the land’s being in natural pasture upon which the Plaintiff is grazing cattle. There are some trees upon the real estate and one decaying building which is unoccupied and uninhabitable. There are no other buildings or structures whatsoever upon the real estate. (9) That there is no other use other than bona fide agricultural use being made of the property in question in compliance with the applicable zoning laws.”

. “Subject to the restrictions set out in this section, only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. ‘Bona fide agricultural purposes’ means good faith commercial agricultural use of the land. In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:
(1) The length of time the land has been so utilized;
(2) Whether the use has been continuous;
(3) The purchase price paid;
(4) Size, as it relates to specific agricultural use;
(5) Whether an indicated effort has been made to care sufficiently and adequately for the land in accordance with accepted commercial agricultural practices, including, without limitation, fertilizing, liming, tilling, mowing, reforesting, and other accepted agricultural practices;
(6) Whether such land is under lease and, if so, the effective length, terms, and conditions of the lease; and
(7) Such other factors as may from time to time become applicable.”