342 So.2d 1016 (1977)
FIRST NATIONAL BANK OF HOLLYWOOD, As Trustee, Appellant,
v.
William MARKHAM, Broward County Property Appraiser, et al., Appellees.
No. 76-320.
District Court of Appeal of Florida, Fourth District.
February 11, 1977.
Jack F. Weins of Abrams, Anton, Robbins, Resnick & Schneider, Hollywood, for appellant.
Gaylord A. Wood, Jr., of Wood & Cohen, Fort Lauderdale, and Edward J. Williams, Asst. Gen. Counsel for Broward County, Fort Lauderdale, for appellees.
DAUKSCH, Judge.
This appeal results from a denial by the property appraiser of an application for agricultural *1017 classification of real property. The case proceeded thru the administrative route, a law suit and Summary Judgment for the property appraiser to this appeal.
The Appellant urges its land should be granted the benefit of an agricultural classification which should result in a lower tax rate than non-agricultural land. The Appellee maintains that the land is not entitled to the more beneficial classification because it is not being used for bona fide agricultural purposes as defined in Section 193.461(3)(b), Florida Statutes (1976) which requires more than just agricultural use to entitle the owner to the agricultural classification.
The facts of this case are essentially undisputed and the court below had no choice but to grant the Summary Judgment which we hereby affirm. The Appellant as trustee for a Jacksonville family took title to the land after paying approximately $5,800,000 for the approximately 1,080 acres. This amounts to approximately $5,400 per acre. The beneficial owner of the property does not intend to develop the property but to hold it for resale with the hope of a profit. In order to help carry the property, cattle grazing and sod production was begun when the property was purchased in 1973. The agricultural classification in question here was for the year 1974. The evidence indicates in 1974 the expense of the property was $255,326.50 of which $218,000 was for interest. There was no income from the agricultural enterprises but one of the beneficial owners testified that he expected in 1975 approximately $87,000 income from agriculture but that there would be an interest payment of $600,000 due for the year 1975.
There was evidence submitted by affidavit by Appellant that this land had been previously used as a dairy farm and that this land was presently being used for agricultural purposes. When we read Section 193.461(3)(b), Florida Statutes (1976) we find that agricultural use of the land is not in and of itself sufficient to entitle one to fall within the definition of "good faith commercial agricultural use." In this case there is no question that the cows were grazing and the sod was being lifted. Nor was there any question that the land had for some time been used for agricultural enterprises. However, the property appraiser properly took into consideration purchase price paid, $5,400 per acre, the difference between the income from agricultural enterprises and the expense to continue to own the land and the announced purpose of the beneficial owner of the land to hold for resale as an investment. The statute extant prior to 1972 apparently permitted the owner of land to receive the agricultural classification if he maintained an agricultural enterprise without consideration of whether or not it was a bona fide commercial agricultural enterprise, one which could reasonably expect to realize a profit or at least pay the expenses of owning the land.
Since the statutory change of 1972 the property appraiser must use other considerations in determining whether or not he is permitted to classify land as agricultural. While there are no cases cited directly on point we do not find it hard to interpret under the facts presented here. After the request for classification here and therefore not available to the parties for their consideration at the time classification was requested the Florida Department of Revenue, Division of Ad Valorem Tax propounded some rules entitled "Agricultural Classification, Definitions" Chapter 12D-5.01 Rules of the State of Florida, Department of Revenue, Division of Ad Valorem Tax. While we did not use these guidelines in our opinion here we make note of them for possible future reference by those interested.
The Judgment is affirmed.
DOWNEY, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.