ALDERMAN, Chief Judge.
The Property Appraiser of Broward County appeals from a summary final judgment reducing the 1974 assessed value of certain land owned by Nationwide Development Company. The parties agree that there are no disputed issues of fact. The trial court found as a matter of law that the land was being used for bona fide agricultural purposes and should have been classified for assessment as agricultural property under Section, 193.461, Florida Statutes (1973). We reach a contrary conclusion and reverse.
Appellee, Nationwide Development Company, is in the business of buying, developing and selling real estate for residential and industrial purposes and is not directly involved in agriculture. In 1973 it purchased 224.7 acres for $11,110.00 per acre. That was considerably more than three times the 1973 agricultural assessed value of the land. Nationwide admittedly acquired the land for residential development and not for agricultural purposes. The property had previously been owned by Mr. and Mrs. Goolsby, who retained the right, for no additional rent, to remain in possession of the property. That right terminated, and the Goolsbys ceased all agricultural operations arid vacated the property on May 1,1974. The Goolsbys had operated a dairy on this land, and prior to 1974 the land had been classified for tax purposes as agricultural.
Nationwide filed a timely application to renew the agricultural classification, based upon the Goolsbys’ use of this land as a dairy on January 1, 1974. The Property Appraiser, concluding that Nationwide was not using the land for bona fide agricultural purposes within the meaning of Section 193.461, denied the application. After an unsuccessful appeal to the Broward County Board of Tax Adjustment, Nationwide filed this suit contesting the assessment.
The purchase price paid by Nationwide for this land created a presumption that the land is not used primarily for bona fide agricultural purposes.[1] The trial court held as a matter of law that there had been a showing of special circumstances *222 sufficient to rebut the presumption. This was incorrect. Special circumstances, sufficient to overcome the statutory presumption, must be something more than a showing that an existing agricultural use of the land is continued. Various special circumstances which may be sufficient to overcome the statutory presumption are set out in the Rules of the Department of Revenue, Division of Ad Valorem Tax, Chapter 12D-502. For example: Where the acquired property is needed to expand a previously owned agricultural operation, or to facilitate proper drainage of such an operation, or for ingress and egress related to such an operation, or to establish an agricultural operation after the owner’s previous one is terminated by eminent domain proceeding or similar circumstances, or when the purchase price includes payment for other than real property. This list is by no means exhaustive, but it is illustrative of what is meant by the term special circumstances. In the present case there was no showing by the landowner of special circumstances demonstrating that the land was to be continued in a bona fide agricultural operation.
Even without the statutory presumption of Section 193.461(4)(c), the facts of this case justify the Property Appraiser’s denial of Nationwide’s application for agricultural classification. Section 193.-461(3)(b), Florida Statutes (1973), provides in part:
“Subject to the restrictions set out in this section, only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. ‘Bona fide agricultural purposes’ means good faith commercial agricultural use of the land. . . . ” (Emphasis supplied.)
Good faith commercial agricultural use of the land requires more than mere agricultural use. First National Bank of Hollywood v. Markham, 342 So.2d 1016 (Fla. 4th DCA 1977). To be a good faith commercial agricultural use, there must be at least a reasonable expectation of meeting investment cost and realizing a reasonable profit. When the land was owned by the Goolsbys, their operation of the dairy was a good faith commercial agricultural use of the land. Their land cost was lower, so they could still expect to meet their investment cost and realize a reasonable profit even though the actual value of their land increased. Subject to certain statutory exceptions, as long as the Goolsbys owned the property and continued a good faith commercial agricultural operation thereon, they would have been entitled to an agricultural classification. Section 193.461(4)(a)(b), Florida Statutes (1973).
An entirely different situation arose when Nationwide purchased the land for an amount greatly in excess of its agricultural value. True, the Goolsbys continued their dairy operation, but the dairy could no longer be considered a good faith commercial operation when measured against Nationwide’s land cost. It cannot be said that Nationwide had a reasonable expectation of meeting investment cost and realizing a reasonable profit through the agricultural use of its land.
The trial court erred in entering summary final judgment in favor of Nationwide. It should have entered summary final judgment in favor of the Property Appraiser upholding his denial of Nationwide’s application for agricultural classification.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DOWNEY, J., and GREEN, OLIVER L., Associate Judge, concur.

. Section 193.461(4)(c), Florida Statutes (1973), provides:
Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted.
The constitutionality of this statutory presumption has recently been upheld. Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976).