354 So.2d 368 (1977)
J. Ed STRAUGHN, etc., et al., Appellants,
v.
Harlan TUCK and Florence P. Tuck, His Wife, Appellees.
No. 50152.
Supreme Court of Florida.
December 8, 1977.
Rehearing Denied February 23, 1978.
*369 Robert L. Shevin, Atty. Gen., and Caroline C. Mueller, Asst. Atty. Gen., Tallahassee, Robert J. Pierce, of Freeman & Woolfolk, Altamonte Springs, and Joe Horn Mount, County Atty., Sanford, for appellants.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellees.
HATCHETT, Justice.
Appellees own a 20 acre tract of unimproved land, zoned agricultural, but not so classified for tax purposes. In an action for declaratory judgment and injunctive relief, appellees sought to have their property reclassified and taxed agricultural for the years 1973 and 1974. Final judgment was entered in their favor, based on a finding that their land was denied agricultural classification pursuant to an unconstitutional statute, Section 193.461, Florida Statutes (1973) and was assessed without due regard to the dictates of Section 193.011, Florida Statutes (1973). Because the trial court initially and directly ruled on the validity of a state statute we have jurisdiction. Article V, Section 3(b)(1). While we agree with the trial court that appellees' land was not assessed in conformity with Section 193.011, we cannot agree that Section 193.461(3) is unconstitutional, either on its face or as applied to these appellees, and reverse the trial court's judgment to the extent that it so holds.
The Legislature was given authority to grant special tax treatment to agricultural land pursuant to Article VII, Section 4, Florida Constitution (1968).
Section 4. Taxation; Assessments 
By general law a regulation shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, *370 provided: (1) agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use. (emphasis added)
It should be noted that the Constitution authorizes, but does not require the Legislature to provide preferential valuation of agricultural land, i.e., the Constitution is not self-executing. The Legislature has acted upon this authority, however, several times.[1] Our present statute reads in pertinent part as follows:
(1) The [property appraiser] shall, on an annual basis, classify for assessment purposes all lands within the county as either agricultural or non-agricultural.
* * * * * *
(3)(b) Subject to the restrictions set out in this section, only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. "Bona fide agricultural purposes" means good faith commercial agricultural use of the land. .. . Section 193.461, Florida Statutes (1975).
These sections were, in all significant respects, identical in the 1973 statute which governs in this case.
Appellees argue, and the trial court held, that subsection (3)(b) is unconstitutional "insofar as, but only insofar as it purports to redefine and limit the concept of agricultural land as it existed in 1967 and 1968 and became fixed in the Florida Constitution." It is their contention that the Legislature improperly defined "agricultural land" by requiring commercial agricultural use of such land since the new Constitution was adopted by the people with a broader concept in mind.
Appellees suggest that in 1967 and 1968 it was the nature of the land that was determinative, not the use to which the land was put. We cannot agree. Clearly, in order to qualify for preferential agricultural classification prior to 1968 one had to prove agricultural "use." Florida's original "Greenbelt Law," Chapter 59-226, Laws of Florida (1959) extended preferential treatment to lands "used exclusively for agricultural purposes ..." and all subsequent enactments have been consistent, at least with reference to the use requirement. In the leading case on this subject, the Fourth District Court of Appeal unequivocally stated:
The favorable tax treatment provided by this statute is predicated on land use, that is, physical activity conducted on the land. (Footnotes omitted) Under the terms of this statute, as we understand them, if the land is physically used for agricultural purposes, it must be accorded agricultural zoning, provided the use is primarily for bona fide agricultural purposes. Hausman v. Rudkin, 268 So.2d 407 (Fla. 4th DCA 1972).
In accord see Smith v. Parrish, 262 So.2d 237 (Fla. 1st DCA 1972) and Smith v. Ring, 250 So.2d 913 (Fla. 1st DCA 1971).
In 1972, Section 193.461 was substantially modified by Chapter 72-181, Laws of Florida (1972). However, as evidenced by subsection (3)(b) of the statute, "use" is still the guidepost in classifying land, although other specifically enumerated factors relative to use may also be considered. Agricultural use is now and has always been the test. "Commercial agricultural use" simply adds another factor,[2] i.e., profit or profit *371 motive, which may be considered by the tax assessor in determining whether or not a claimed agricultural use is bona fide. It does not, as appellees suggest, limit agricultural classification to commercially profitable agricultural operations. In Walden v. Tuten, 347 So.2d 129 (Fla. 2nd DCA 1977), the Second District Court of Appeal addressed this issue and held:
We think, therefore, that profit motive is a relevant consideration in determining whether a given agricultural use is in fact a bona fide "commercial" use. Such a motive would certainly be one of the "other factors as may ... become applicable" within the contemplation of subsection (7) of the aforequoted factors listed under subsection (3)(b) of Section 193.461, supra.
For the reasons expressed above, we find Section 193.461(3)(b) constitutionally sound.
Tax assessors are constitutional officers and as such their actions are clothed with the presumption of correctness. One asserting error on the part of the tax assessor must show by "proof" that every reasonable hypothesis has been excluded which would support the tax assessor. Powell v. Kelly, 223 So.2d 305 (Fla. 1969). Appellees have failed to meet this burden. Appellees' land is in its natural, unimproved state. There is ample evidence upon which the tax assessor could have found that the land was not being used for an agricultural purpose.
As to appellees' second point, relative to assessment under Section 193.011, Florida Statutes (1973), we must agree that the tax assessor failed to consider all factors enumerated in the statute in arriving at a just valuation of appellees' property. Section 193.011 provides as follows:
In arriving at just valuation as required under Sec. 4, Art. VII of the State Constitution, the tax assessor shall take into consideration the following factors:
(1) The present cash value of the property;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing.
Under decisions of this Court a tax assessor must consider each factor enumerated in the statute, although he may assign to each factor such weight as he deems proper. Failure to consider any element listed necessitates the setting aside of his evaluation. Lanier v. Walt Disney World, 316 So.2d 59 (Fla. 4th DCA 1975).
More specifically, the tax assessor in this case failed to consider the "present use" of appellees' property, in determining the "highest and best use" to which the property could be expected to be put in the "immediate future." Section 193.011(2). Rather, he valued it by subjective standards, using speculative factors, assuming there would be a zoning change and the land converted to a more intensive use. Within the general area of the appellees' land large tracts of similar land were being sold far above any realistic agricultural land values for development of multi-family projects and other commercial enterprises. By his own admission, the assessor did not consider whether these comparable sales were contingent on zoning changes. Most were. The uses under the statute must be immediate, not speculative, and not predicated *372 on conversion to higher or better uses. Lanier v. Overstreet, 175 So.2d 521 (Fla. 1965). Present use and immediate future use are strongly influenced by zoning and zoning must, therefore, be considered by the assessor in his determination of just valuation. Lanier v. Walt Disney World Co., supra.
Accordingly, we reverse in part and affirm in part and remand to the trial court for action consistent with the opinions expressed herein.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
NOTES
[1] 69-55, Laws of Florida, 1969
Chapter 72-181, Laws of Florida, 1972
Chapter 74-234, Laws of Florida, 1974
[2] ... In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:

(1) The length of time the land has been so utilized;
(2) Whether the use has been continuous;
(3) The purchase price paid;
(4) Size, as it relates to specific agricultural use;
(5) Whether an indicated effort has been made to care sufficiently and adequately for the land in accordance with accepted commercial agricultural practices, including, without limitation, fertilizing, liming, tilling, mowing, reforesting, and other accepted agricultural practices;
(6) Whether such land is under lease and, if so, the effective length, terms, and conditions of the lease; and
(7) Such other factors as may from time to time become applicable. Section 193.461, Florida Statutes (1975).