368 So.2d 588 (1978)
James L. RODEN, Etc., et al., Petitioners,
v.
K & K LAND MANAGEMENT, INC., a Corporation, Respondent.
No. 51954.
Supreme Court of Florida.
July 20, 1978.
Rehearing Denied March 22, 1979.
Michael D. Martin of Martin & Martin, Lakeland, for James L. Roden.
R. Lawrence DeFrances, Ad Valorem Tax Counsel, and Zollie Maynard, Jr., Asst. Atty. Gen., Tallahassee, for Dept. of Revenue, petitioners.
R. Lee Bennett of Lowndes, Peirsol, Drosdick & Doster, Orlando, for respondent.
C.A. Boswell and M. David Alexander of Boswell, Boswell & Conner, Bartow, for CF Mining Corp., amicus curiae.
*589 Martha W. Barnett of Holland & Knight, Lakeland, for First Mississippi Corp., amicus curiae.
BOYD, Justice.
The decision of the District Court of Appeal in this cause, Straughn v. K & K Land Management, Inc., 347 So.2d 724 (Fla. 2d DCA 1977), conflicts with the decision in First National Bank of Hollywood v. Markham, 342 So.2d 1016 (Fla. 4th DCA 1977). We have jurisdiction of the petition for certiorari. Article V, Section 3(b)(3), Florida Constitution.
The issue in conflict is whether more than just agricultural use is required to establish for purpose of tax assessment that land may be classified agricultural and be entitled, therefore, to preferential tax treatment. In Straughn v. Tuck, 354 So.2d 368 (Fla. 1978), we reviewed the constitutionality of Section 193.461(3), Florida Statutes. The statute mandates that to gain "agricultural" classification land must be "actually used for a bona fide agricultural purpose," Section 193.461(3)(a), which means "good faith commercial agricultural use of the land." Section 193.461(3)(b). In the course of the opinion upholding the statute the following was stated, at 370: "`use' is still the guidepost in classifying land, although other specifically enumerated factors relative to use may also be considered. Agricultural use is now and has always been the test." We adhere to this view. As we intimated in Tuck the factors listed in subsection (b) of Section 193.461(3) are to be considered in making the determination of good faith agricultural use but none is determinative. We disapprove of Markham to the extent it conflicts with Tuck. This resolves the conflict between Markham and this case, too.
A problem not present in Markham and Tuck is present in this case. Sale of land for a purchase price three or more times greater than its agricultural assessment creates a presumption that the land is not used for good faith agricultural purposes. Section 193.461(3), Florida Statutes. The presumption may be overcome "[u]pon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture." In this case the District Court upheld the trial court's determination that there existed special circumstances sufficient to rebut the presumption. As the Department of Revenue has done before, it stresses that commercial success is a necessary circumstance for rebuttal. We reject this notion. As we stated in Straughn v. K & K Land Management, 326 So.2d 421 (Fla. 1976), "special circumstances" may be drawn from the factors for consideration in the classification process listed in Section 193.461(3)(b). The presence of all or any one factor in particular is not necessary for the presumption's rebuttal.
In this case K & K Land Management purchased approximately 350 acres of producing citrus grove for six times the agricultural assessment. Twenty-five of the acres were developed into an amusement park, but the remainder of the grove was continued to be used for citrus production. The issue was whether the presumption of nonagricultural use in Section 193.461(4)(c) was overcome as to the acreage continued for citrus production. On the record before us, we cannot say the trial court found incorrectly that the presumption had been rebutted and that respondent was entitled to agricultural classification.
The decision of the District Court is affirmed. First National Bank of Hollywood v. Markham, 342 So.2d 1016 (Fla. 4th DCA 1977), is disapproved.
It is so ordered.
ENGLAND, C.J., and SUNDBERG and HATCHETT, JJ., concur.
ALDERMAN, J., concurs in result only.

ORDER
PER CURIAM.
The motion of petitioner Florida Department of Revenue for rehearing or clarification is denied.
It is so ordered.
*590 ADKINS, BOYD, OVERTON and HATCHETT, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which ENGLAND, C.J., and SUNDBERG, J., concur.
ALDERMAN, Justice, dissenting.
Because I believed that the twenty-five acres of highway frontage developed into an amusement park must have had a much higher value than the remaining 325 acres of citrus grove property, I concurred in result only in this Court's opinion filed July 20, 1978, which allowed the taxpayer the benefit of an agricultural classification on its grove land. I reasoned that the purchase price of the grove land could not be determined by simply dividing the total number of acres purchased into the overall purchase price to get an average price per acre, and I assumed that the actual price for the grove land was less than the average price per acre of all the land purchased by K & K. During oral agrument on petitioner's motion for rehearing, however, it became clear to me that the record contains no evidence to contradict the property appraiser's conclusion that K & K paid a uniform price per acre for all the land it purchased. Assuming then that K & K paid six times the agricultural assessed value for the grove land, I find that section 193.461(4)(c), Florida Statutes (1973), creates a presumption that "such land is not used primarily for bona fide agricultural purposes." This presumption may be rebutted "[u]pon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture... ." Section 193.461(4)(c). "Bona fide agricultural purposes" means "good faith commercial agricultural use of the land." Section 193.461(3)(b).
Special circumstances, sufficient to overcome the statutory presumption, must be more than a showing that an existing agricultural use of the land is continued. Markham v. Nationwide Development Co., 349 So.2d 220 (Fla. 4th DCA 1977). In the present case, K & K failed to contradict the property appraiser's finding that it paid six times the agricultural assessed value of the grove land, and it has not shown any special circumstances, consistent with good faith commercial agricultural use of this land, that would justify paying such an inflated price. Certainly, its continued use of the land as a grove could not be considered a good faith commercial agricultural use when there is no reasonable expectation of meeting investment costs and realizing a reasonable profit. This does not mean that K & K cannot continue to use the land as a grove, thereby generating some income to reduce the costs of its speculative investment. Rather, it means that K & K cannot use the Green Belt Law, which was intended as a shield to protect bona fide farmers, to avoid its fair share of ad valorem taxes, thereby forcing the other taxpayers of the county to subsidize its speculative investment. Upon rehearing, I would quash the decision of the district court and reverse the trial court.
ENGLAND, C.J., and SUNDBERG, J., concur.