FRANK D. UPCHURCH, Jr., Judge.
Appellants, landowners in Brevard County, appeal from a judgment affirming the denial of an agricultural classification of their lands.
Appellants first raise as error that it was improper to classify their property as non-agricultural simply because it was less than twenty acres.
Section 193.461(3)(b), Florida Statutes (1979), provides that:
[Ojnly lands which are used primarily for bona fide agricultural purposes shall be classified agricultural.... In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:
1. The length of time the land has been so utilized;
2. Whether the use has been continuous;
3. The purchase price paid;
4. Size, as it relates to specific agricultural use;
5. Whether an indicated effort has been made to care ... for the land in accordance with accepted commercial agricultural practices . ..;
6. Whether such land is under lease ...;
7. Such other factors as may from time to time become applicable. (Emphasis added.)
Appellants’ property was slightly more than nineteen acres of fenced and cross-fenced pasture land and included a house. When appellants purchased the land they acquired livestock and some farm equipment. They purchased the land from its previous owners who had been operating it as a farm and it had been classified and *647 taxed as agricultural. However, the previous owners had leased additional land from a neighbor so their total operation encompassed more than twenty acres.
In Roden v. K & K Land Management, Inc., 368 So.2d 588 (Fla.1978), the Florida Supreme Court declared that the factors enunciated in section 193.461(3)(b) are to be used in determining agricultural use but that none is determinative. The court explained that agricultural use is now and always has been the test. Roden at 589. In the instant case, the county property appraiser, in denying appellant’s application, tersely stated: “We require twenty acres under fence for pasture land. Your property does not meet this requirement.” This statement in the property appraiser’s notice of denial indicates that size was im-permissibly used as the sole criterion in reviewing appellant’s application. In effect, the appraiser created, without statutory authorization, an irrebuttable presumption that property under twenty acres cannot constitute an agricultural use. The county’s desire to extend preferential tax treatment only to those individuals who are in fact utilizing their property for bona fide agricultural purposes is reasonable, but the requirement that twenty acres can qualify, while nineteen cannot, does not appear to be rationally related to achievement of that goal. There is no rational connection between the fact proved (ownership of less than twenty acres) and the ultimate fact presumed (non-agricultural use). See Bass v. General Development Corp., 374 So.2d 479 (Fla.1979).
The second point raised is whether appellant’s application could be properly denied when it was established that they had paid more than three times the assessed value of the property.
Section 193.461(4)(c), provides:
Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted.
This section creates a rebuttable presumption that the land is not to be used for agricultural purposes. The presumption may be overcome by a showing of a continuation of an agricultural use. While appellants admitted they had paid more than three times the assessed value, they also introduced evidence establishing the continued use of the land for agricultural purposes. Section 193.461(4)(c) must be read in pari materia with section 193.461(3)(b), which lists the seven criteria for determining bona fide agricultural use, of which the purchase price is but one. Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980).
In Goembei, the court also rejected a claim that the owner must show a reasonable expectation of making a profit in order to establish “special circumstances.” Profit is an element that should be considered but it is not the determinative or controlling factor. Goembei at 785. The court explained:
Use is still the guidepost in classifying land, although other specifically enumerated factors relative to use may also be considered. Commercial agricultural use simply adds another factor, i. e., profit or profit motive, which may be considered by the tax assessor in determining whether or not a claimed agricultural use is bona fide. The statute does not limit agricultural classification to commercially profitable agricultural operations.
We therefore reverse and remand to the trial court for reconsideration of all seven criteria enunciated in section 193.461(3)(b) in determining the merits of appellants’ petition for agricultural classification.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.