LEHAN, Judge.
The Property Appraiser of Hillsborough County appeals from an order of the trial court directing that 15.26 wooded acres and a one acre homesite be reclassified as agricultural. Section 193.461(3)(b), Florida Statutes (1983), provides that “only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. ‘Bona fide agricultural purposes’ *1252 means good faith commercial agricultural use of the land.”
Two representatives of the Property Appraiser who visited the property testified that there was no evidence of any agricultural activity. They did testify as to there being about fifty chickens, some of which were game fowl, or fighting cocks, apparently partly in pens and partly roaming loose and roosting in the trees on the 15.26 acre tract. The appraiser’s testimony was that fifty is too small a number of chickens for a commercial chicken enterprise. There was no evidence of any sales of chickens.
There was testimony on behalf of the property owner as to an existing or planned activity on the 15.26 acres involving the growing of a type of potato known as a yamma. However, the trial court’s characterization of this testimony was hardly consistent with directing the reclassification of the property as agricultural. The court noted that there were “no normal agricultural pursuits being conducted in the woods” and said, “I will be brutally frank, the entire agricultural endeavors were mickey mouse to say the least.... The talk of yammas and liberated chickens all sounds off the wall....”
As to the one acre homesite, there was no evidence to associate the tenant in the home, who was the owner of the chickens referred to above, with any agricultural activity.
It appears that the trial court’s disposition of this case was based upon a conclusion that since another portion of the property which is not involved in this case had been classified as agricultural, the portions involved here must be so classified. We disagree. See Daniel v. American Cyanamid, Co., 480 So.2d 678 (Fla. 2d DCA 1985).
Our basic reasoning for this reversal is the same as that used by the Florida Supreme Court in Straughn v. Tuck, 354 So.2d 368, 371 (Fla.1977), to wit:
Tax assessors are constitutional officers and as such their actions are clothed with the presumption of correctness. One asserting error on the part of the tax assessor must show by “proof” that every reasonable hypothesis has been excluded which would support the tax assessor.... There is ample evidence upon which the tax assessor could have found that the land was not being used for an agricultural purpose.
Reversed and remanded for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J„ concur.