495 So.2d 865 (1986)
William MARKHAM, As Broward County Property Appraiser, Appellant,
v.
JUNE ROSE, a Partnership, Appellee.
No. 85-962.
District Court of Appeal of Florida, Fourth District.
October 8, 1986.
Claudette Pelletier of Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for appellant.
Jack F. Weins of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Boca Raton, for appellee.
HERSEY, Chief Judge.
The Broward County Property Appraiser's denial of agricultural classification for a seventy-one-acre portion of appellee's property for the year 1984 was reversed by the trial court, precipitating this appeal.
It is established that the remainder of appellee's parcel was under cattle lease and qualified for agricultural treatment under section 193.461, Florida Statutes (1983). The parcel in issue here, although under the same cattle lease, was basically uncultivated and overgrown with brush and trees. The tenant under the cattle lease testified that there was a water hole located on the parcel and "There is (sic) cows on it." Both the lessor and the tenant testified that they had never been given notice that, unless the property was cleared, the agricultural classification would not be continued. Testimony submitted on behalf of the property appraiser, including an aerial photograph, shows the land to be heavily wooded and overgrown, with almost no open land and no evidence of cattle.
The final judgment must be reversed for any one of at least three different reasons.
The parties pose the issue thusly:
WHETHER FINAL JUDGMENT IS UNSUPPORTED BY COMPETENT AND SUBSTANTIAL EVIDENCE OR OTHERWISE CONSTITUTES AN ABUSE OF DISCRETION.
Even if this were the applicable standard of review, we would be required *866 to reverse. There is no substantial, competent evidence on this record even to support a finding that the land was capable of supporting a cattle grazing operation. Further, even assuming the evidence did tend to indicate some use for cattle grazing, that would not be sufficient to establish that there was a "good faith commercial agricultural use of the land." § 193.461(3)(b), Fla. Stat. (1983) (emphasis added); Walden v. Fletcher Ave. Development. Corp., 313 So.2d 65 (Fla. 2d DCA 1975).
Still assuming the standard of review to be as postulated by the parties, it is clear that the trial court did not find the evidence supportive of a finding that the property was presently subjected to active agricultural use as contemplated by the statute. The emphasis of the trial court's analysis was placed upon two subjective factors: first, the court's perceived need to preserve green space against encroachment by the concrete jungle; and second, the desirability of providing the taxpayer with notice and an opportunity to clear the land and put it to agricultural use before the next tax year. These objectives are commendable, but irrelevant under the circumstances, and we therefore conclude that the trial court erred in its analysis.
Finally, the judgment below does not stand or fall, depending upon whether it is supported by substantial, competent evidence. In a somewhat different procedural context, this court held that where the property appraiser's determination of value is lawfully formulated, that valuation "enjoys a presumption of correctness which accompanies it to the trial court and upon subsequent appeal." Vero Beach Shores, Inc. v. Nolte, 467 So.2d 1041, 1044 (Fla. 4th DCA 1985). Application of the presumption places a heavy, but an appropriate, burden on one who challenges a determination made by the property appraiser (formerly known as the tax assessor).
Thus, in Straughn v. Tuck, 354 So.2d 368, 371 (Fla. 1977), our supreme court recognized that: "Tax assessors are constitutional officers and as such their actions are clothed with the presumption of correctness. One asserting error on the part of the tax assessor must show by `proof' that every reasonable hypothesis has been excluded which would support the tax assessor." The court went on to find that the taxpayers had not met their burden of showing entitlement to an agricultural classification where their land was "in its natural, unimproved state. There is ample evidence upon which the tax assessor could have found that the land was not being used for an agricultural purpose." Id. at 371.
In the recent case of Daniel v. Stone, 481 So.2d 1251, (Fla. 2d DCA 1986), the second district, based upon the burden of proof set forth in Straughn, reversed the trial court's agricultural classification of fifteen wooded acres and a one-acre homesite where the only evidence of agricultural pursuits was the keeping of chickens and game fowl and the growing of a variety of a potato, apparently in an unwooded area. The appellate court noted that the trial judge himself had indicated that he did not think these activities were sufficient to support an agricultural classification, but apparently concluded that because another portion of the property had been designated agricultural, this tract should also be classified as such.
In the present case, the presumption of correctness should have been but was not applied by the trial court in reviewing the property appraiser's denial of agricultural classification for the property in question.
For all of the foregoing reasons, we reverse and remand with directions that the denial of agricultural classification by the Broward County Property Appraiser be reinstated.
REVERSED AND REMANDED.
GUNTHER, J., concurs.
WALDEN, J., dissents without opinion.