On Motions for Rehearing and Clarification

NESBITT, Judge.
We deny appellee’s motion for rehearing, grant the motion for clarification, and substitute this opinion for that released on November 14, 1989.
The county property appraiser appeals an order reducing the tax assessment on appellee’s land. We reverse.
The subject land is located in Coral Gables on South Dixie Highway across from the University Metrorail Station. After the land was improved with a thirteen-story building, the city rolled back the permitted use of the subject property and that of other properties in the vicinity to a maximum height of four stories. The land upon which the thirteen-story building sits was granted a legal, nonconforming use status with the provision that if more than fifty percent of the building is ever destroyed, the building can only be rebuilt to a height of four stories.
In 1987, the Dade County property appraiser rendered separate tax assessments for the building and for the land. The owner challenged only the assessment of the land. At a non-jury trial, the parties made their respective presentations as to how to determine the just value of the land. The trial court reduced the land assessment from $6,251,712' to $4,558,540. The property. appraiser now appeals.
The issue to be decided is whether the highest and best use of the land for tax assessment purposes should be determined by considering its actual, nonconforming use which permits a thirteen-story building or whether it should be considered based on the land’s restrictive zoning which, but for the nonconforming use, would limit the land to a four-story building. Section 193.-011, Florida Statutes (1987), requires an appraiser to consider among other factors, “The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable land use regulation.... ” “The ‘Use’ factor set forth in F.S. 193.011 is entitled to great weight in the assessment process of each parcel of land.” Lanier v. Walt Disney World Co., 316 So.2d 59, 62 (Fla. 4th DCA 1975), cert. denied, 330 So.2d 19 (Fla.1976).
While it is true that as a general rule, land is valued as vacant, an exception to this rule may occur in the case where the land is subject to a legal, nonconforming use. When such a use is involved, the highest and best use is not the zoned use, but the legal, nonconforming use. E.g., American Institute of Real Estate Appraisers, The Appraisal of Real Estate 262 (8th ed. 1985).[1]
*505 In the instant case, were the property-limited to its zoned use, it would be limited to construction of a four-story building. Under its current legal use, it provides the site for a thirteen-story office building. The income from the nine additional stories of office space which may occupy this property represents a substantial increase in the value of the land relative to its zoned use. See Muckenfuss v. Miller, 421 So.2d 170, 173 (Fla. 5th DCA 1982), review denied, 430 So.2d 451 (Fla.1983).
Accordingly, we agree with appellant that it was error to hold that the highest and best use expected of the land in the immediate future is its zoned use of four stories when the land has and will continue to have for the foreseeable future, an actual, legal, nonconforming use of thirteen stories. Both parties agreed that in determining the just valuation of the subject property, the highest and best use of the land was the most important of the eight factors set forth in section 193.011 to consider in valuing the property. Because the trial judge incorrectly rejected the property appraiser’s evaluation of this factor and thus wrongly reduced the land’s tax assessment, we reverse the order on appeal and direct the trial judge to reinstate the correct, original tax assessment. See Straughn v. Tuck, 354 So.2d 368 (Fla.1977); Muckenfuss v. Miller, 421 So.2d at 173. See also Bath Club, Inc. v. Dade County, 394 So.2d 110, 111-112 (Fla.1981) (“The [taxpayer’s] disagreement on the weight to be accorded use restrictions and zoning is simply not a sufficient basis to upset the appraiser’s determination.”).
Finding our decision on this issue to be dispositive of our resolution of the case, we decline to address the other issues raised on appeal.
Reversed with directions.

. In valuing the subject property, the Dade County property appraiser utilized the eighth *505 edition of the Appraisal of Real Estate (8th ed. 1985), which stated the normal accepted standard in the appraising industry at the time the assessment at issue was made. The taxpayer’s own expert testified that the eighth edition appraising standard was a technique which could be used. The later-released ninth edition suggests that an appraiser may find it helpful to allocate values separately to the land, the improvement, and the bonus created by the nonconforming use. However, the ninth edition reaffirms the eighth edition’s standard that the total property value must reflect the additional value created by the nonconforming use: "In most nonconforming use situations, the property value estimate reflects the nonconforming use.” The Appraisal of Real Estate, 287 (9th ed. 1987). See Nichols, 4 Law of Eminent Domain § 12.322(3) (1989); Florida Eminent Domain Practice and Procedure § 9.33 (4th ed. 1988); J. Eaton, Real Estate Valuation in Litigation 86 (1982); Encyclopedia of Real Estate Appraising 1148 (3d ed. 1978).