## ROBBINS v FUTRELL, et al.

Case No. 88-25155 CA 02

Eleventh Judicial Circuit, Dade County

December 20, 1990

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff Property Appraiser.

**Glen W. Gilson, II, Esquire,** for defendant taxpayer.

**Robert A. Butterworth,** Attorney General and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant Executive Director of the State of Florida Department of Revenue.

### OPINION OF THE COURT

RONALD M. FRIEDMAN, Circuit Judge.

### FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on December 20, 1990, pursuant to notice, on the Plaintiff Property Appraiser's Motion for Final Summary Judgment against the Defendant-taxpayer. The Court

reviewed the filed pleadings, admissions, and answers to interrogatories and considered the motion in light of the applicable authorities. Thereupon, it is:

ORDERED and ADJUDGED as follows:

1. The Property Appraiser's Motion for Final Summary Judgment against the taxpayer is granted.

2. This Court has jurisdiction over the parties and the subject matter hereof.

3. As to the Plaintiff's Motion for Final Summary Judgment, there are no genuine issues of material fact, and the Plaintiff Property Appraiser is entitled to judgment in his favor as a matter of law.

## FINDINGS OF UNDISPUTED FACT

4. Defendant Arlene Futrell was the owner of the subject property on the January 1, 1987 assessment date.

5. The subject parcel is situated in unincorporated Dade County, Florida.

6. The subject property was zoned EU-1 (Single-Family One Acre Estate District) as of the January 1, 1987 assessment date. No income was generated by any agricultural use of the property during 1985 or 1986, the two years immediately preceding the 1987 assessment year at issue herein.

7. The taxpayer applied to the Property Appraiser for agricultural classification for 1987. In filing her application for agricultural classification, the taxpayer perforce claimed her property was being used for "bona fide" agricultural purposes, which, pursuant to section 193.461(3)(b), Florida Statutes, means "good faith" commercial agricultural use. The Dade County Property Appraiser denied the requested classification.

8. The taxpayer petitioned the Property Appraisal Adjustment Board (P.A.A.B.) for relief. The P.A.A.B. adopted the special master's recommendations, reclassifying the subject acreage as "bona fide" agricultural land and granting Greenbelt classification with respect thereto.

9. Disagreeing with the P.A.A.B.'s decision, the Property Appraiser filed this de novo proceeding pursuant to section 194.036, Florida Statutes, seeking reinstatement of his preliminary nonagricultural assessment.

## CONCLUSIONS OF LAW

The Property Appraiser's denial of agricultural classification is

119

presumed correct. This presumption follows the assessment and denial of agricultural classification in the trial court and on appeal. *Markham v June Rose,* 495 So.2d 865 (Fla. 4th DCA 1986). The Appraiser's denial of agricultural classification is entitled to reinstatement if supported by any reasonable hypothesis of legal assessment. *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Straughn v Tuck,* 354 So.2d 368 (Fla. 1978).

The record herein established without dispute that the subject property was zoned exclusively EU-1 (Single-Family One Acre Estate District) as of the January 1, 1987 assessment date. Any use of such property, zoned residential, for any commercial agricultural use was prohibited as of January 1, 1987. Chapter 33, Code of Metropolitan Dade County, Florida. No argument was (or, on the record before this Court, could have been) made that any such use was "grandfathered in" as a legal nonconforming use. Such residentially-zoned land is ineligible for Greenbelt exemption. *See Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,186 (Fla. Oct. 9, 1990); *Robbins v Stuart International Corp.,* 559 So.2d 1188 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,080 (Fla. Oct. 24, 1990); *Robbins v Carol Management Corp.,* 559 So.2d 1189 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,233 (Fla. Dec. 10, 1990); *Robbins v Capo,* 42 Fla. Supp. 2d — (Fla. 11th Cir. Ct. 1990).

No evidence was offered that the Property Appraiser's preliminary assessment of $120,225 exceeded the "just (fair market) value" of the subject property on the assessment date.

Based upon the foregoing Findings of Undisputed Fact and Conclusions of Law, it is

ORDERED and ADJUDGED that:

1. The Property Appraiser's 1987 preliminary just value assessment of $120,225 and denial of "bona fide" agricultural classification are reinstated with respect to the property identified by tax roll folio no. 30-5013-000-0231.

2. The Tax Collector is authorized and directed to submit to the taxpayer a revised bill for deficiencies in taxes based on the just valuation set forth in paragraph 1 above, plus interest at the rate of twelve percent (12%) per annum from April 1, 1988 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the Tax Collector shall be authorized to enforce the collection of such

taxes as delinquent taxes as provided by law, without further order of this Court.

3. Judgment is hereby entered against Defendant Arlene Futrell and in favor of the Plaintiff Property Appraiser.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 20th day of December, 1990.