## ROBBINS v LOVELL, et al.

### Case No. 88-25153 CA 27

Eleventh Judicial Circuit, Dade County

January 2, 1991

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff Property Appraiser.

**Bonnie J. Losak-Jimenez,** Fine Jacobson Schwartz Nash Block & England, P.A., for defendant, Taxpayer.

**Robert A. Butterworth,** Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General for defendant Executive Director of the State of Florida Department of Revenue.

### OPINION OF THE COURT

S. PETER CAPUA, Circuit Judge.

### *FINAL SUMMARY JUDGMENT*

THIS CAUSE came before the Court on December 4, 1990, pursuant to notice, on the Plaintiff Property Appraiser's Renewed Motion

for Final Summary Judgment against the Defendant-taxpayers. The Court reviewed the filed pleadings, affidavits, and documents and considered the renewed motion in light of the applicable authorities. Thereupon, it is:

ORDERED and ADJUDGED as follows:

1. The Property Appraiser's Renewed Motion for Final Summary Judgment against the taxpayers is granted.

2. This Court has jurisdiction over the parties and the subject matter hereof.

3. As to the Plaintiff's Renewed Motion for Final Summary Judgment and the defenses raised by the taxpayers, there are no genuine issues of material fact, and the Plaintiff Property Appraiser is entitled to judgment in his favor as a matter of law.

## FINDINGS OF UNDISPUTED FACT

4. Defendants R.O. Lovell and E.B. Lovell were the owners of the subject property on the January 1, 1987 assessment date.

5. The subject parcel consists of twenty-five (25) acres situated in unincorporated Dade County, Florida.

6. The subject property was zoned RU-1 (Single Family District) at the time of its purchase by the Defendant-taxpayers on December 17, 1986. The record herein established without dispute that the subject property had not been used for agricultural purposes for at least the two years immediately preceding the 1987 assessment years at issue herein.

7. The taxpayers applied to the Property Appraiser for agricultural classification for 1987, claiming use of the subject property as cattle grazing land. In filing their application for agricultural classification, the taxpayers claimed their property was being used for "bona fide" agricultural purposes, which, pursuant to section 193.461(3)(b), Florida Statutes, means "good faith" commercial agricultural use. The Dade County Property Appraiser denied the requested classification.

8. The taxpayers petitioned the Property Appraisal Adjustment Board (P.A.A.B.) for relief. The P.A.A.B. adopted the special master's recommendations, reclassifying the subject acreage as "bona fide" agricultural land and granting Greenbelt classification with respect thereto.

9. Disagreeing with the P.A.A.B.'s decision, the Property Appraiser filed this de novo proceeding pursuant to section 194.036, Florida

158

Statutes, seeking reinstatement of his preliminary nonagricultural assessment.

## CONCLUSIONS OF LAW

The Property Appraiser's denial of agricultural classification is presumed correct. This presumption follows the assessment and denial of agricultural classification in the trial court and on appeal. *Markham v June Rose,* 495 So.2d 865 (Fla. 4th DCA 1986). The Appraiser's denial of agricultural classification is entitled to reinstatement if supported by any reasonable hypothesis of legal assessment. *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Straughn v Tuck,* 354 So.2d 368 (Fla. 1978).

The record herein established without dispute that the subject property was zoned exclusively for residential use at the time it was purchased by the Lovells in December 1986. Any use of the subject property as cattle pasture or for any other commercial agricultural use was prohibited as of January 1, 1987. §§ 33-199, *et. seq.,* Code of Metropolitan Dade County, Florida. Indeed, section 33-200(2) specifically prohibits "[t]he keeping, breeding, or maintaining of horses, cattle or goats." No argument was (or, on the record before this Court, could have been) made that any such use was "grandfathered in" as a legal nonconforming use. Such residentially-zoned land is ineligible for Greenbelt exemption. *See Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,186 (Fla. October 9, 1990); *Robbins v Stuart International Corp.,* 559 So.2d 1188 (Fla. 3d DCA) *rev. denied,* — So.2d —, No. 76,080 (Fla. Oct. 24, 1990); *Robbins v Carol Management Corp.,* 559 So.2d 1189 (Fla. 3d DCA 1990); *Robbins v Capo,* 42 Fla. Supp.2d 162 (Fla. 11th Cir. Ct. 1990).

No evidence was offered that the Property Appraiser's preliminary assessment of $537,500 exceeded the "just (fair market) value" of the subject property on the assessment date.

Based upon the foregoing Findings of Undisputed Fact and Conclusions of Law, it is

ORDERED and ADJUDGED that:

1. The Property Appraiser's 1987 preliminary just value assessment of $537,500 and denial of "bona fide" agricultural classification are reinstated with respect to the property identified by tax roll folio no. 30-2016-000-0010.

2. The Tax Collector is authorized and directed to submit to the taxpayers a revised bill for deficiencies in taxes based on the just valuation set forth in paragraph 1 above, plus interest at the rate of

twelve percent (12%) per annum from April 1, 1988 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

3. Judgment is hereby entered against Defendants R. O. Lovell and E. B. Lovell and in favor of the Plaintiff Property Appraiser.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 2nd day of January, 1991.