336 So.2d 473 (1976)
REFLEX, N.V., a Netherlands Antilles Corporation, Appellant,
v.
The UMET TRUST, a Real Estate Investment Trust Organized under the Laws of the State of California, Formerly Known As Unionamerica, Mortgage & Equity Trust, Etc., Appellees.
Nos. 76-142, 76-748.
District Court of Appeal of Florida, Third District.
August 17, 1976.
*474 Mershon, Sawyer, Johnston, Dunwody & Cole and Timothy J. Norris, Miami, for appellant.
Meyer, Weiss, Rose, Arkin, Sheppard & Shockett, Miami Beach, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
These appeals are brought by defendant Reflex, N.V., a Netherlands Antilles corporation, the junior mortgage holder in an action to foreclose the first mortgage. The plaintiff, The UMET Trust, a real estate investment trust, is the owner and holder of the first mortgage. The appeals are from an order denying defendant's motion to dismiss the complaint and from a summary final judgment of foreclosure. This court, by order, expressly declined to stay proceedings in the trial court. Upon motion of the appellee, the appeals were consolidated and the causes are being expedited for a prompt disposition thereof.
An examination of the complaint in the light of the arguments presented fails to show any fatal defect in the complaint. Therefore, the trial court properly denied appellant's motion.
In its appeal from the judgment of foreclosure, Reflex urges that the pleadings and depositions, together with the affidavits on file, showed a genuine issue as to affirmative defenses raised by Reflex in its answer. See Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305. The affirmative defenses urged (1) that UMET's conduct after the date of the alleged default amounted to a waiver of estoppel sufficient to render a foreclosure of UMET's mortgage inequitable, and (2) that UMET's actions in working with the owner prior to default constituted a joint venture at least in the contemplation of law from the perspective of third parties.
Having reviewed the record in the light of these contentions, we hold that the trial judge correctly determined that there was no genuine issue upon the affirmative defenses presented and that UMET was entitled to a summary final judgment as a matter of law. While it is true that it is necessary for a plaintiff to show that affirmative defenses have no basis in fact in order to be entitled to a summary judgment, *475 this does not mean that by the raising of purely paper issues the defendant can forestall the granting of relief to the plaintiff where the pleadings and evidentiary matters before the trial court show that the defenses are without substance in fact or in law. See Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780.[1]
Appellant presents an additional point urging that the trial court proceeded too hastily in entering the summary final judgment prior to the disposition of the interlocutory appeal from the order denying Reflex's motion to dismiss the complaint. The only parties to the interlocutory appeal were Reflex and UMET. It was error for the court to proceed to adjudicate Reflex's rights by a final judgment during the pendency of Reflex's appeal. As the cause now stands, this error would be cured by a remand to the trial court with directions to strike the final judgment previously entered and to enter a new final judgment upon the holdings of this court on this appeal. See Stewart v. Golding, Fla.App. 1976, 327 So.2d 879. We conclude that under the facts and circumstances of this case, it would be useless to enter such an order. We, therefore, note the error but hold the same to be harmless in this case.
The remaining points presented by appellant have been considered and found to be without merit.
Affirmed.
NOTES
[1] * * * * * *
"To defeat a motion which is supported by evidence which reveals no genuine issue, it is not sufficient for the opposing party merely to assert that an issue does exist. If the moving party presents evidence to support the claimed non-existence of a material issue, he will be entitled to a summary judgment unless the opposing party comes forward with some evidence which will change the result  that is, evidence sufficient to generate an issue on a material fact. Connolly v. Sebeco, Inc., Fla., 89 So.2d 482; Barron & Holtzoff, Federal Practice and Procedure (Wright Edition), Vol. 3, Section 1235." 175 So.2d at 782-83.
* * * * * *