559 So.2d 1185 (1990)
Joel W. ROBBINS, As Property Appraiser of Dade County, Appellant,
v.
Melvin R. YUSEM, Trustee, and Sam D. Alexander, Acting Director of the Department of Revenue, Appellees.
No. 89-286.
District Court of Appeal of Florida, Third District.
February 27, 1990.
Rehearing Denied May 17, 1990.
*1186 Robert A. Ginsburg, Dade County Atty., and Daniel A. Weiss, Asst. County Atty., Robert A. Butterworth, Atty. Gen., and Joseph C. Mellichamp, III, Asst. Atty. Gen., for appellant.
Steel, Hector & Davis and Samuel J. Dubbin, Miami, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and COPE, JJ.
JORGENSON, Judge.
The Dade County Property Appraiser (Property Appraiser) appeals an order dismissing with prejudice his complaint to reinstate a nonagricultural classification and tax assessment on a parcel of real property. For the following reasons, we reverse.
Melvyn R. Yusem, Trustee (taxpayer), is the legal titleholder of record of a parcel of real property zoned IU-C (Industrial District, Conditional) under the Dade County Zoning Code. Although the land was zoned for industrial use, the property was actually used for the commercial farming of yucca and calabaza. The property had not been used for farming in 1983, 1984, or 1985. In 1987, the Property Appraiser denied the taxpayer's application for an agricultural classification on the grounds that the agricultural use was illegal under the zoning code and thus could not be considered a "good faith" use of the property within the meaning of the Greenbelt Law, section 193.461, Florida Statutes (1987). The taxpayer appealed to the Property Appraisal Adjustment Board of Dade County (PAAB). A special master heard the petition and recommended agricultural classification. The PAAB adopted the special master's recommendation and reduced the property's preliminary assessment from $1,900,584 to $8,730. The Property Appraiser then filed an action in the circuit court seeking reinstatement of the preliminary assessment and denial of the agricultural classification. The taxpayer moved to dismiss the action for failure to state a claim, arguing that present agricultural use of the property is the dispositive factor in classifying the land for ad valorem taxation. The trial court granted the motion and entered a final order dismissing the complaint with prejudice.[1] The Property Appraiser appeals; we reverse.
The issue presented by this appeal is whether the actual commercial agricultural use of property in violation of Dade County zoning ordinances can be considered a "good faith" agricultural use entitled to preferential tax treatment under section 193.461, Florida Statutes (the Greenbelt Law). The question is one of appellate first impression.
Agricultural classification or "exemption" for property tax purposes is governed by section 193.461, Florida Statutes (1987). That section states:
[O]nly lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. `Bona fide' agricultural purposes means good faith *1187 commercial agricultural use of the land. In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:
1. The length of time the land has been so utilized;
2. Whether the use has been continuous;
3. The purchase price paid;
4. Size, as it relates to specific agricultural use;
5. Whether an indicated effort has been made to care sufficiently and adequately for the land ...;
6. Whether such land is under lease ...; and
7. Such other factors as may from time to time become applicable. (Emphasis added.)
Section 193.461(3)(b).
In applying the "good faith" requirement, Florida courts have consistently construed "good faith" to mean "real, actual and of a genuine nature as opposed to a sham or deception." Bystrom v. Union Land Invs., Inc., 477 So.2d 585, 586 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986); Hausman v. Rudkin, 268 So.2d 407, 409 (Fla. 4th DCA 1972). Agricultural use alone does not entitle a taxpayer to an agricultural exemption. See Markham v. Fogg, 458 So.2d 1122 (Fla. 1984) (land used primarily for grazing cattle did not qualify for "good faith" agricultural classification); Champion Realty Corp. v. Burgess, 541 So.2d 615, 618 (Fla. 1st DCA) (even if the "sole act of cutting down trees ... was the most significant physical activity on the land," no agricultural classification would be granted where the Property Appraiser and the court found that such use was not "bona fide"), rev. denied, 549 So.2d 1013 (Fla. 1989). The Property Appraiser concluded, and we agree, that, if the "good faith" requirement excludes from agricultural classification sham physical agricultural use, it must also exclude from agricultural classification unlawful physical agricultural use.[2]
The taxpayer's agricultural use of the property was unlawful under the Dade County, Florida Code § 33-268, which reads: "No land, ... in an IU-C district shall be used or permitted to be used, ... (except as a legal nonconforming building or use), except for one or more of the uses hereinafter enumerated... ." Commercial agricultural use is not one of the many enumerated permitted uses and is thus an unlawful use.[3]
The legislative history of the Greenbelt Law supports the Property Appraiser's denial of an agricultural classification. The legislative intent of the Greenbelt Law is to conserve, protect, and encourage the development and improvement of agricultural lands suffering from the urban pressure of expanding metropolitan development. See preambles to chapters 59-226 and 72-181, Laws of Florida. The property in question was not agricultural land threatened by urban development but urban land classified exclusively for industrial development. There was no previously existing agricultural use to conserve or protect.
We must strictly interpret the agricultural exemption statute. "While doubtful language in taxing statutes should be resolved in favor of the taxpayer, the reverse is applicable in the construction of exceptions and exemptions from taxation." *1188 United States Gypsum Co. v. Green, 110 So.2d 409, 413 (Fla. 1959). This court, affirming a summary judgment denying a taxpayer favorable tax treatment, stated: "[I]n order for a taxpayer to receive a benefit different in kind from other taxpayers, it is necessary for him to strictly comply with all conditions which would be necessary to entitle him to the special treatment." Jar Corp. v. Culbertson, 246 So.2d 144, 145 (Fla. 3d DCA), cert. denied, 249 So.2d 690 (Fla. 1971).
Where, as here, the use of the property for commercial agriculture was prohibited by law and therefore was not in "good faith" as required by the Greenbelt Law, the Property Appraiser's denial of agricultural classification was proper.[4] Contrary to the taxpayer's argument, our decision will not create an unconstitutional irrebuttable presumption. At the outset, a finding that commercial agricultural use is not bona fide because it is prohibited under the zoning laws may be overcome by a showing that the use is a legal nonconforming use. Once the Property Appraiser determines, however, that the use is prohibited and is not a legal nonconforming use, the use, as a matter of law, is not bona fide and is not in good faith. That conclusion is a rule of substantive law, not an evidentiary presumption. See Ehrhardt, Florida Evidence § 301.3 (2d ed. 1984) ("Although some rules of law are called conclusive presumptions from time to time, they are not properly included in a codification of the law of evidence since they are rules of substantive law in the particular area in which they exist.").
Moreover, there is an eminently rational basis for the rule of law that we announce today. The determination of the Property Appraiser is reasonably related to legitimate legislative aims, while the order of dismissal entered by the trial court grants the taxpayer a substantial tax reduction based on an illegal use of land. No statute, judicial decision, or principle of equity permits us to sanction an illegal act by conferring upon the taxpayer substantial tax relief at the expense of other taxpayers. Accordingly, we conclude that, as a matter of law, agricultural use of property in violation of applicable zoning regulations cannot be considered "good faith" commercial agricultural use of the land entitling its owner to an agricultural exemption. The Property Appraiser's complaint therefore stated a cause of action.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] On appeal, the property appraiser argues that the trial court erroneously considered the taxpayer's affirmative defense of selective enforcement when it ruled on the motion to dismiss. Because the record does not reflect that the trial court's order was based in any way on that affirmative defense, we do not address the issue.
[2] See, e.g., Bower v. Edwards County Appraisal Dist., 752 S.W.2d 629 (Tex. App. 1988) (taxpayer could not claim agricultural exemption for land used for raising deer and the vegetation which they ate where deer were wild and state law prohibited private ownership of wild deer).
[3] An exception to the general rule that only enumerated uses are permitted in any zoning district is the nonconforming use doctrine. See § 33-1(76), Code of Metropolitan Dade County, Florida. That section permits "[u]se of any property or premises in any manner which does not comply with the regulations provided for in the district in which the property or premises is situated, if such use was originally legally established." (Emphasis supplied.) The exception does not apply here. The property appraiser alleged in his complaint that the agricultural use was not permitted, and that the property had not been used for agriculture during the years 1983-1985. We must, for purposes of appellate review, assume facts alleged in the complaint to be true. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956).
[4] The County's failure thus far actively to enforce its zoning code does not transform the prohibited use into a permitted use.