# ROBBINS v CAPO, et al.

## Case No. 88-25150 CA 30

Eleventh Judicial Circuit, Dade County

May 31, 1990

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg, Esquire,** Dade County Attorney and Daniel A. Weiss, Esquire, Assistant County Attorney, for plaintiff.

**St. Julien P. Rosemond, Jr., Esquire, Alfonso J. Perez, Esquire, Haley Sinagra & Perez, P.A., and Sidney Z. Brodie, Esquire,** Law Offices of Sidney Z. Brodie, for defendant-taxpayers.

**Joseph C. Mellichamp, III, Esquire,** Assistant Attorney General, for defendant, Acting Director of the State of Florida Department of Revenue.

### OPINION OF THE COURT

MURRAY GOLDMAN, Circuit Judge.

## FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on May 30, 1990, pursuant to notice, on the Plaintiff Property Appraiser's motion for final summary judgment against the Defendant-taxpayers and on the Plaintiff's objection to filing and ore tenus motion to strike Property Appraisal Adjustment Board (P.A.A.B.) transcript. The Court reviewed the filed pleadings, admissions, affidavits, and documents and considered the motion in light of arguments of counsel and the applicable authorities. Thereupon, it is:

ORDERED and ADJUDGED as follows:

1. The Property Appraiser's Motion for Final Summary Judgment against the taxpayers is granted.

2. The Plaintiff's objection to the taxpayers' filing of the P.A.A.B. transcript at the summary judgment hearing is overruled, and Plaintiffs' ore tenus motion to strike the transcript is denied.

3. This Court has jurisdiction over the parties and the subject matter hereof.

4. As to the Plaintiff's motion for summary judgment and the defenses raised by the taxpayers, there are no genuine issues of material fact and the Plaintiff Property Appraiser is entitled to judgment in his favor as a matter of law.

### FINDINGS OF UNDISPUTED FACT

5. Defendants Manuel and Aida Capo were the owners of the subject property on the January 1, 1987 assessment date.

6. The subject parcel consists of five (5) acres situated within the City of Hialeah, Florida.

7. The subject property was rezoned from G-U (general use or Interim District) to M-1 (Industrial District) at the request of the owner in 1981. At the time of the rezoning request, the subject property was vacant.

8. The property was purchased by Manuel and Aida Capo in April 1985 for $333,000, 74 times its agricultural assessment of $4,500.

9. The taxpayers applied to the Property Appraiser for agricultural classification for 1987, claiming use of the subject property as cropland. In filing their application for agricultural classification, the taxpayers claimed their property was being used for "bona fide" agricultural purposes, which, pursuant to section 193.461(3)(b), Florida Statutes,

**163**

means "good faith" commercial agricultural use. The Dade County Property Appraiser denied the requested classification.

10. The taxpayers petitioned the Property Appraisal Adjustment Board (P.A.A.B.) for relief. The P.A.A.B. adopted the special master's recommendations, reclassifying four (4) acres as "bona fide" agricultural and upholding denial of agricultural classification with respect to the remaining one acre.

11. Disagreeing with the P.A.A.B.'s decision, the Property Appraiser filed this de novo proceeding pursuant to section 194.036, Florida Statutes, seeking reinstatement of his preliminary nonagricultural assessment.

12. For nearly fourteen months during the pendency of this action, the taxpayers did not respond to the Plaintiff's request to admit that as of the January 1, 1987 assessment date, the subject property was not used in good faith for commercial agricultural purposes.

## CONCLUSIONS OF LAW

The Property Appraiser's denial of agricultural classification is presumed correct. This presumption follows the assessment and denial of agricultural classification in the trial court and on appeal. *Markham v June Rose,* 495 So.2d 865 (Fla. 4th DCA 1986). The Appraiser's denial of agricultural classification is entitled to reinstatement if supported by any reasonable hypothesis of legal assessment. *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Straughn v Tuck,* 354 So.2d 368 (Fla. 1978). Herein, the Property Appraiser presented without objection by the taxpayers not just one, but four separate statutory hypotheses supporting denial of Greenbelt exemption to the subject property for 1987. These will be discussed seriatim.

### I.

Agricultural classification or "exemption" for property tax purposes is governed by section 193.461, Florida Statutes, Florida's Greenbelt Law. In passing the Greenbelt Law, the Legislature intended to encourage agricultural pursuits and to protect property owners using property for "bona fide" agricultural purposes. As amended, the Greenbelt Law restricts agricultural classification to lands which are used primarily for "bona fide"—i.e., "good faith"—agricultural purposes. § 193.461(3)(b), Fla. Stat.

By request for admission served February 23, 1989, the Property Appraiser requested the taxpayers to admit that "[a]s of January 1, 1987 the subject property was not used in good faith for commercial

**164**

agricultural purposes." Defendants failed to respond to this request for admission within the prescribed thirty days. Formal denial came nearly fourteen months after the request for admission, on the same day this Court entered its pre-trial order. Under these circumstances, the request is deemed admitted. Fla. R. Civ. P. 1.370(b). Consequently, the lack of good faith commercial agricultural use of the property as of the assessment date is conclusively established. *Id.* The taxpayers made no motion to withdraw or amend this admission. This admission, without more, is sufficient to mandate reinstatement of the Property Appraiser's denial of Greenbelt exemption herein. § 193.461(3)(b). Even absent this admission, however, such denial is mandated by three additional statutory principles embedded in the Greenbelt Law.

## II.

The affidavit of the Zoning Director of the City of Hialeah and accompanying zoning documents establish without dispute that the subject property was zoned exclusively for industrial use at the time it was purchased by the Capos in April 1985. Any use of the subject property as cropland or for planting fruit trees was prohibited as of January 1, 1987. §§ 32-17, -18, -19, -20, City of Hialeah Code. No argument was (or, on the record before this Court, could have been) made that any such use was "grandfathered in" as a legal nonconforming use. *Id.* § 32-25(b). Consequently, unless and until the rule of law recently announced by the Third District Court of Appeal is reversed by the Supreme Court, such industrially-zoned land is ineligible for Greenbelt exemption. *Robbins v Yusem,* 15 F.L.W. D554 (Fla. 3d DCA Feb. 17, 1990), *reh. denied,* May 17, 1990 [559 So.2d 1185]; *Robbins v Stuart International Corp.,* case no. 89-994 (Fla. 3d DCA March 6, 1990); *reh. denied,* April 20, 1990 [559 So.2d 1188]; *Robbins v Carol Management, Inc.,* case no. 89-571 (Fla. 3d DCA March 6, 1990), *reh. denied,* May 21, 1990 [559 So.2d 1189]; *Kendall Industrial Park, Ltd. v Robbins,* case no. 89-829 (Fla. 3d DCA March 6, 1990), *reh. denied,* May 21, 1990 [559 So.2d 1189].

## III.

Denial of agricultural classification is mandated by the rezoning provision of the Greenbelt statute, § 193.461(4)(a)3, and the decision in *Markham v Fogg,* 458 So.2d 1122 (Fla. 1984). The subject property was rezoned from an agricultural to a nonagricultural use at the request of the owner in 1981. Such rezoning gives rise to the presumptive denial of agricultural classification. § 193.461(4)(a)3; *Fogg.* This presumption can be rebutted only upon a showing that the property is continuously used for good faith commercial agricultural pursuits both

**165**

before and after rezoning. Vacant at the time of rezoning in 1981, the subject property could not thereafter have been used lawfully—i.e., in good faith, *Yusem*—as cropland. § 32-25(b), City of Hialeah Code. Consequently, the presumption of denial of agricultural classification is not rebutted. *Fogg,* because no use as cropland could lawfully continue after the rezoning. Under such circumstances, section 193.461(4)(a)3 mandates reclassification of the subject property as nonagricultural. *Fogg.*

## IV.

Finally, denial of Greenbelt exemption is mandated because the subject property was purchased for more than three times its agricultural assessment. Section 193.461(4)(c) provides:

"(c) Sale of land for a purchase price which is 3 or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted." As clarified by the Property Appraiser's counsel at hearing, this provision has been applied as written. *Roden v K & K Land Management,* 368 So.2d 588 (Fla. 1979) (granting agricultural classification to portions of property used as citrus grove both before and after purchase for sales price six times agricultural assessment). Herein, the subject property was purchased in April 1985 for $333,000. The agricultural assessment of the property is $4,500. Thus, the sale price is not merely three times, but *74* times the agricultural value of the property. In the absence of any record showing that the subject property was being used for bona fide agriculture at the time of its purchase in April 1985 and that such use was to be continued, the taxpayers could not and did not meet the special circumstances exception. Consequently, the so-called "3 times purchase price" statute provides an independent and legally sufficient basis for denial of Greenbelt exemption to the subject property for 1987. *Cf. K & K Land Management,* 368 So.2d at 589.

## V.

The taxpayers' principal and retreating argument is that the Property Appraiser failed to refute the taxpayers' affirmative defense of lack of jurisdiction resulting from the running of the statute of limitations prior to the filing of the Property Appraiser's complaint herein. In light of the taxpayers' admission of the allegations of paragraph 2 of the

complaint, which cites the same statutes raised by the taxpayers in defense, this is patently a "paper issue" without substance in law or fact and which cannot forestall the granting of relief to the Plaintiff. *Reflex, N.V. v Umet Trust,* 336 So.2d 473, 474-75 (Fla. 3d DCA 1976). Moreover, the Property Appraiser pointed without objection to certified copies of documents filed with the Court which affirmatively demonstrate that his complaint was timely filed, well within the limitation imposed by section 193.122(4), Florida Statutes (1987).

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED and ADJUDGED that:

1. The Property Appraiser's 1987 preliminary just value assessment of $381,150 and denial of "bona fide" agricultural classification are reinstated with respect to the property identified by tax roll folio no. 04-2028-01-0390.

2. The Tax Collector is authorized and directed to submit to the taxpayers a revised bill for deficiencies in taxes based on the just valuation set forth in paragraph 1 above, plus interest at the rate of twelve percent (12%) per annum from April 1, 1988 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

3. Judgment is hereby entered against Defendants Manuel Capo and Wife Aida and in favor of the Plaintiff Property Appraiser.

4. The Court retains jurisdiction to tax costs in favor of the Property Appraiser.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 31st day of May, 1990.