# ROBBINS, etc. v M. C. PROPERTY MANAGEMENT, INC., et al.

## Case No. 89-38430 CA 28

Eleventh Judicial Circuit, Dade County

January 16, 1991

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff Property Appraiser.

**St. Julien P. Rosemond, Jr., Esquire** and **Alfonso J. Perez, Esquire,** Haley, Sinagra & Perez, P.A., for defendant-taxpayer.

**Robert A. Butterworth,** Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant Executive Director of the State of Florida Department of Revenue.

## OPINION OF THE COURT

URSULA M. UNGARO, Circuit Judge

### FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on January 11, 1991, pursuant to notice, on the Plaintiff Property Appraiser's Motion for Final Summary Judgment against the Defendant-taxpayer. The Court reviewed the filed pleadings and admissions and considered the motion in light of arguments of counsel and the applicable authorities. Thereupon, it is:

ORDERED and ADJUDGED as follows:

1. The Property Appraiser's Motion for Final Summary Judgment against the taxpayer is granted.

2. This Court has jurisdiction over the parties and the subject matter hereof.

3. As to the Plaintiff's Motion for Final Summary Judgment, there is no genuine issue of material fact, and the Plaintiff Property Appraiser is entitled to judgment in his favor as a matter of law.

### FINDINGS OF UNDISPUTED FACT

4. The subject property was owned by Defendant M. C. Property Management, Inc. on the January 1, 1988 assessment date *sub judice* and is the same property the 1987 assessment of which was involved in *Robbins v Capo,* 42 Fla. Supp. 2d 162 (Fla. 11th Cir. Ct. 1990).* The subject property was conveyed to the defendant corporation for nominal consideration by Manuel and Aida Capo, as indicated by the documentary stamps affixed to the deed and by the admissions filed herein. All of the stock in the defendant corporation is owned by Manuel and Aida Capo, who were the defendant-taxpayers in *Capo.* By application of the doctrine of collateral estoppel, the following findings of fact made in *Capo* are established conclusively *sub judice:*

    a. The subject parcel consists of five (5) acres situated within the City of Hialeah, Florida.

    b. The subject property was rezoned from G-U (general use, or Interim District) to M-1 (Industrial District) at the request of the owner in 1981. At the time of the rezoning request, the subject property was vacant.

    c. The property was purchased by Manuel and Aida Capo in

---

* No appeal was taken from that decision (hereinafter "Capo").

April 1985 for $333,000, 74 times its agricultural assessment of $4,500.

5. The taxpayer applied to the Property Appraiser for agricultural classification for 1988, claiming use of the subject property as commercial cropland. In filing its application for agricultural classification, the taxpayer claimed its property was being used for "bona fide" agricultural purposes, which, pursuant to section 193.461(3)(b), Florida Statutes, means "good faith" commercial agricultural use. The Dade County Property Appraiser denied the requested classification.

6. The taxpayer petitioned the Property Appraisal Adjustment Board (P.A.A.B.) for relief. The P.A.A.B. adopted the special master's recommendations, reclassifying the subject property as in "bona fide" agriculture and granting Greenbelt "exemption" with respect thereto.

7. Disagreeing with the P.A.A.B.'s decision, the Property Appraiser filed this de novo proceeding pursuant to section 194.036, Florida Statutes, seeking reinstatement of his preliminary nonagricultural assessment.

## CONCLUSIONS OF LAW

The Property Appraiser's denial of agricultural classification is presumed correct. This presumption follows the assessment and denial of agricultural classification in the trial court and on appeal. *Markham v June Rose,* 456 So.2d 865 (Fla. 4th DCA 1986). The Appraiser's denial of agricultural classification is entitled to reinstatement if supported by any reasonable hypothesis of legal assessment. *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Straughn v Tuck,* 354 So.2d 368 (Fla. 1978); *Robbins v Mori,* 44 Fla. Supp. 2d 64 (Fla. 11th Cir. Ct. 1990). Herein, the Property Appraiser presented not just one, but three separate statutory hypotheses supporting denial of Greenbelt exemption to the subject property for 1988. These will be discussed seriatim.

### I.

Agricultural classification or "exemption" for property tax purposes is governed by section 193.461, Florida Statutes, Florida's Greenbelt Law. In passing the Greenbelt Law, the Legislature intended to encourage agricultural pursuits and to protect property owners using property for "bona fide" agricultural purposes. As amended, the Greenbelt Law restricts agricultural classification to lands which are used primarily for "bona fide"—i.e., "good faith"—agricultural purposes. § 193.461(3)(b), Fla. Stat. Through collateral estoppel, it has been established beyond dispute that the subject property was zoned

81

exclusively for industrial use at the time it was purchased by Manuel and Aida Capo in April 1985. Any use of the subject property as cropland or for planting fruit trees was prohibited as of January 1, 1988. §§ 32-17, -18, -19, -20, City of Hialeah Code. No argument was (or, on the record before this Court, could have been) made that any such use was "grandfathered in" as a legal nonconforming use. *Id.* § 32-25(b). Such industrially-zoned land is ineligible for Greenbelt exemption. *Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA), *rev. denied,* 569 So.2d 1282 (Fla. 1990); *Robbins v Stuart International Corp.,* 559 So.2d 1188 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,080 (Fla. Oct. 24, 1990); *Robbins v Carol Management Corp.,* 559 So.2d 1189 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,233 (Fla. Dec. 10, 1990); *Robbins v Capo,* 42 Fla. Supp. 2d 162 (Fla. 11th Cir. Ct. 1990).

## II.

Denial of agricultural classification is mandated also by the rezoning provision of the Greenbelt statute, § 193.461(4)(a)3, and the decision in *Markham v Fogg,* 458 So.2d 1122 (Fla. 1984). The subject property was rezoned from an agricultural to a nonagricultural use at the request of the owner in 1981. *Capo,* 42 Fla. Supp. 2d at 165. Such rezoning gives rise to the presumptive denial of agricultural classification. § 193.461(4)(a)3; *Fogg.* This presumption can be rebutted only upon a showing that the property is continuously used for good faith commercial agricultural pursuits both before and after rezoning. Vacant at the time of rezoning in 1981, the subject property could not thereafter have been used lawfully—i.e., in good faith, *Yusem*—as cropland. § 32-25(b), City of Hialeah Code. Consequently, the presumption of denial of agricultural classification is not rebutted, *Fogg,* because no use as cropland could lawfully continue after the rezoning. Under such circumstances, section 193.461(4)(a)3 mandates reclassification of the subject property as nonagricultural. *Fogg.*

## III.

Finally, denial of Greenbelt exemption is mandated because the subject property was purchased for more than three times its agricultural assessment. *Capo,* 42 Fla. Supp. 2d at 166. Section 193.461(4)(c) provides: ·

"(c) Sale of land for a purchase price which is 3 or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner

demonstrating that the land is to be continued in bona fide agriculture, this presumption may be rebutted."

This provision has been applied as written. *Roden v K & K Land Management,* 368 So.2d 588 (Fla. 1979( (granting agricultural classification to portions of property used as citrus grove both before and after purchase for sales price six times agricultural assessment). Herein, the subject property was purchased in April 1985 for $333,000. *Capo,* 42 Fla. Supp.2d at 163, paragraph 8, 166. The agricultural assessment of the property is $4,500. Thus, the sales price is not merely three times, but 74 times the agricultural value of the property. In the absence of any record showing that the subject property was being used for bona fide agriculture at the time of its purchase in April 1985 and that such use was to be continued, the taxpayer could not and did not meet the special circumstances exception. Consequently, the so-called "3 times purchase price" statute provides an independent and legally sufficient basis for denial of Greenbelt exemption to the subject property for 1988. *Capo,* 42 Fla. Supp. 2d at 166. *Cf. K & K Land Management,* 368 So.2d at 589.

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED and ADJUDGED that:

1. The Property Appraiser's 1988 preliminary just value assessment of $381,150 and denial of "bona fide" agricultural classification are reinstated with respect to the property identified by tax roll folio no. 04-2028-01-0390.

2. The Tax Collector is authorized and directed to submit to the taxpayer a revised bill for deficiencies in taxes based on the just valuation set forth in paragraph 1 above, plus interest at the rate of twelve percent (12%) per annum from April 1, 1989 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

3. Judgment is hereby entered against Defendant M. C. Property Management, Inc. and in favor of the Plaintiff Property Appraiser.

4. Upon payment in full of the taxes referred to in paragraph 2 of the decretal portion of this judgment, the lis pendens previously filed in this cause shall be deemed dissolved.

5. The Court retains jurisdiction to tax costs in favor of the Property Appraiser.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 16th day of January, 1991.