# ROBBINS, etc. v CAROL MANAGEMENT CORPORATION, et al.

## Case No. 88-25152 CA 05

Eleventh Judicial Circuit, Dade County

April 11, 1991

## APPEARANCES OF COUNSEL

**Robert A. Ginsburg**, Dade County Attorney, and **Daniel A. Weiss**, Assistant County Attorney, for plaintiff property appraiser.

**Alan T. Dimond, Esquire** and **Pedro J. Martinez-Fraga, Esquire**, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, for defendant-taxpayer.

**Robert A. Butterworth**, Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant Executive Director of the State of Florida Department of Revenue.

## OPINION OF THE COURT

JON I. GORDON, Circuit Judge.

## FINAL SUMMARY JUDGMENT IN ACCORDANCE WITH MANDATE AND COST JUDGMENT

WHEREAS, the final judgment in favor of Plaintiff rendered by this Court denied reinstatement of the preliminary 1987 subject property requested by the Plaintiff-Property Appraiser in the above-styled cause; and

WHEREAS, on appeal of this Court's opinion, the District Court of Appeal of Florida, Third District, by its decision filed March 6, 1990, and reported at 559 So.2d 1189, *rev. denied,* — So.2d —, Case No. 76,233 (Fla. Dec. 10, 1990), and its mandate now lodged in this Court, disapproved this Court's opinion;

NOW, THEREFORE, upon motion of the Plaintiff-Property Appraiser, this Court hereby withdraws its final judgment for the Defendant-Taxpayer rendered in this cause on February 10, 1989, vacates its decision and opinion filed in the cause on January 26, 1989; adopts as its own the decision of the District Court of Appeal of Florida, Third District; vacates the opinion of the special master, *In re: Petition of Carol Management Corp.,* 27 Fla.Supp.2d 38 (Dade County P.A.A.B. 1988), and the decision of the P.A.A.B. adopting Special Master Wiseheart's decision; and reinstates the preliminary tax assessment and classification prepared by the Property Appraiser and enters final judgment in favor of the Plaintiff-Property Appraiser and against the Defendant-Taxpayer, who shall go hence without day. Property zoned RU-1 (Single-Family Residential District), RU-TH (Townhouse District), RU-L4 (Limited Apartment House District, BU-2 (Special Business District), and IU-2 (Industrial, Heavy Manufacturing District) cannot lawfully—i.e., in "good faith"—be used for commercial agricultural purposes unless, unlike here, it is "grandfathered in" as a legal nonconforming use. *Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA), *rev. denied,* 569 So.2d 1282 (Fla. 1990). *Accord Robbins v Tabor,* 16 F.L.W. D320 (Fla. 3d DCA Jan. 29, 1991); *Robbins v Carol Management Corp.,* 559 So.2d 1189 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,233 (Fla. Dec. 10, 1990); *Robbins v Stuart International Corp.,* 559 So.2d 1188 (Fla. 3d DCA), *rev. denied,* — So.2d —, No. 76,080 (Fla. Oct. 24, 1990); *Robbins v M.C. Property Management, Inc.,* 16 F.L.W. C14 (Fla. 11th Cir. Ct. Jan. 16, 1991); *Robbins v Futrell,* 16 F.L.W. C3 (Fla. 11th Cir. Ct. Dec. 20, 1990); *Robbins v Capo,* 42 Fla.Supp.2d 162 (Fla. 11th Cir. Ct. 1990).

Accordingly, the nonexempt just value for ad valorem tax assessment purposes of the subject property for the year 1987 is as follows:

| FOLIO NUMBER | JUST VALUE |
|---|---|
| 30-3018-000-0010 | $1,179,818 |
| 30-3018-000-0020 | $4,667,812 |

All lis pendens previous entered is dissolved, and the Tax Collector is authorized and directed to submit to the taxpayer a revised bill for deficiencies in taxes based on the just valuation set forth hereinafter, plus interest at the rate of twelve percent (12%) per annum from April 1, 1988 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

Costs in the sum of One Hundred & Twelve ($112.00) are hereby awarded to the Plaintiff-Property Appraiser and against the Defendant-Taxpayer, for which sum let execution issue.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 11th day of April, 1991.