## ROBBINS v YUSEM, et al.
### Case No. 88-26411 CA 30
Eleventh Judicial Circuit, Dade County
June 14, 1991

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff property appraiser.

**Paul A. Shelowitz,** McDermott, Will & Emery, for defendant-taxpayer.

**Robert A. Butterworth,** Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant executive director of the State of Florida Department of Revenue.

### OPINION OF THE COURT

MURRAY GOLDMAN, Circuit Judge.

## FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on June 3, 1991, pursuant to notice, on the Plaintiff Property Appraiser's Motion for Final Summary Judgment against the Defendant-taxpayer. The Court reviewed the filed pleadings and papers and considered the motion in light of arguments of counsel and the applicable authorities. Thereupon, it is:

ORDERED and ADJUDGED as follows:

1. The Property Appraiser's Motion for Final Summary Judgment against the taxpayer is granted.

2. This Court has jurisdiction over the parties and the subject matter hereof.

3. As to the Plaintiff's Motion for Final Summary Judgment, there is no genuine issue of material fact, and the Plaintiff Property Appraiser is entitled to judgment in his favor as a matter of law.

## FINDINGS OF UNDISPUTED FACT

4. The subject property was owned by Defendant Melvyn R. Yusem, Trustee, on the January 1, 1987 classification date *sub judice* and is the same property the 1986 agricultural classification of which was involved in *Yusem v Metropolitan Dade County, etc., et al.,* Case No. 87-28001 CA 09 (hereinafter *"Yusem"*). By application of the doctrine of collateral estoppel, the following findings of fact made in *Yusem* are established conclusively *sub judice:*

 a. The subject parcel situated in the Doral Park Development Area of unincorporated Dade County was purchased as a ten-acre tract by Melvyn R. Yusem, Trustee, on behalf of himself and other investors, in 1974 for $297,500 *(Yusem* Final Judgment, Findings of Fact and Conclusions of Law (hereinafter "Final Judgment") paragraph 1).

 b. The subject property was rezoned from GU (Interim District) to IU-C (Industrial District, Conditional), at the request of owner in 1983 (Final Judgment, paragraph 2). Both before and after rezoning, the property had been used by a man living on the property and growing fruits and vegetables there since at least 1974 (Final Judgment, paragraph 4). Any such use of the property between 1974 and 1985 did not constitute *bona fide* commercial agricultural use within

**157**

the meaning of the Greenbelt statute (Final Judgment, paragraph 14).[1]

5. The agricultural assessment of the subject property was $3,400 for 1974 and $8,730 for 1987. The purchase price of $297,500 was thus 87 times its agricultural assessment for 1974.

6. The taxpayer applied to the Property Appraiser for agricultural classification for 1987, claiming use of the subject property as commercial cropland. In filing an application for agricultural classification, the taxpayer claimed the property was being used for "bona fide" agricultural purposes, which, pursuant to § 193.461(3)(b), Florida Statutes, means "good faith" commercial agricultural use. The Dade County Property Appraiser denied the requested classification.

7. The taxpayer petitioned the Property Appraisal Adjustment Board (P.A.A.B.) for relief. The P.A.A.B. adopted the special master's recommendations, reclassifying the subject property as in "bona fide" agriculture and granting Greenbelt exemption with respect thereto.

8. Disagreeing with the P.A.A.B.'s decision, the Property Appraiser filed this de novo proceeding pursuant to § 194.036, Florida Statutes, seeking reinstatement of his preliminary nonagricultural assessment.

## CONCLUSIONS OF LAW

### Property Appraiser's Burden of Proof

The Property Appraiser's denial of agricultural classification is presumed correct. This presumption follows the assessment and denial of agricultural classification in the trial court and on appeal. *Markham v June Rose,* 495 So.2d 865 (Fla. 4th DCA 1986). The Appraiser's denial of agricultural classification is entitled to reinstatement if supported by any reasonable hypothesis of legal assessment. *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Straughn v Tuck,* 354 So.2d 368 (Fla. 1978); *Robbins v Mori,* 15 F.L.W. C48 (Fla. 11th Cir. Ct. Sept. 19, 1990). Herein, the Property Appraiser presented not just one, but three separate statutory hypotheses supporting denial of Greenbelt exemption to the subject property for 1987. These will be discussed seriatim.

### Application of Collateral Estoppel In Greenbelt Classification Cases

The Property Appraiser asserts that the facts material to the three

---

[1] No application for agricultural classification ("Greenbelt exemption") of the subject property was filed with the Property Appraiser between 1975 and 1985. By failing to apply between 1975 and 1985, the taxpayer waived entitlement, if any, to $108,000 in property tax exemption benefits (Final Judgment, paragraph 3).

hypotheses set forth in his summary judgment motion have been conclusively established by a prior final judgment involving identical parties and issues. The taxpayer objects to the application of collateral estoppel to a Greenbelt classification case, claiming entitlement to relitigate the same facts year after year through different witnesses. Based on the following legal analysis, the Court concludes that collateral estoppel is applicable to preclude the relitigation in Greenbelt classification cases of issues previously conclusively determined between the same parties.

The elements of collateral estoppel or estoppel by judgment are met, under Florida law, if the parties and issues are identical and the matter has been fully litigated and conclusively determined in a court of competent jurisdiction. *Mobil Oil Corp. v Shevin,* 354 So.2d 372, 374 (Fla. 1977); *West Point Construction Co. v Fidelity and Deposit Company of Maryland,* 515 So. 2d 1374, 1376 (Fla. 3d DCA 1987). The Property Appraiser's summary judgment motion herein turns upon the following issues conclusively determined in the agricultural classification trial and final judgment for 1986:

(a) purchase price of the subject property in 1974;

(b) rezoning of the subject property from an agricultural to a nonagricultural use in 1983 at the request of the owner;

(c) absence of *bona fide* commercial agricultural use of the property from the time of its 1974 purchase through 1985.

The Court is mindful of the well-established line of cases which precludes taxpayers from admitting into evidence prior years' assessment in subsequent years' assessment contests. These decisions are based on the recognition that the validity of each year's *valuation* stands on its own, unconnected with the *valuation* of any subsequent or prior year. *Container Corporation of America v Long,* 274 So.2d 571, 573 (Fla. 1st DCA 1973); *Overstreet v Brickell Lum Corp.,* 262 So.2d 707, 709 (Fla. 3d DCA 1972); *Metropolitan Dade County v Tropical Park, Inc.,* 251 So.2d 551, 551-52 (Fla. 3d DCA 1971); Homer v Hialeah Race Course, Inc., 249 So.2d 491, 595 (Fla. 3d DCA 1970); *Hecht v Dade County,* 234 So.2d 709, 710 (Fla. 3d DCA 1970); *Keith Investments, Inc. v James,* 220 So.2d 695, 697-98 (Fla. 4th DCA 1969). None of these cases holds or suggests that the use or disuse of the property in a prior year or years may not be pertinent to—or in a

collateral estoppel situation involving rezoning or the "three times purchase price" provision, determinative of—a Greenbelt classification issue. In fact, the language of the Greenbelt statute itself suggests otherwise. *See, e.g.,* § 193.461(3)(a) ("The owner of land that was classified agricultural in the previous year and whose ownership or use has not changed may reapply on a short form as provided by the [D]epartment [of Revenue]."); § 193.461(3)(b) ("In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration: 1. The length of time the land has been so utilized; 2. Whether the use has been continuous; 3. The purchase price paid. . ."). *See also* § 193.461(4)(a)3, (4)(b), (4)(c). Since the "each-year's-valuation-on-its-own" cases do not apply to agricultural classification cases, there is no bar to the collateral estoppel effect of relevant findings from a prior year's Greenbelt classification. *Sub judice* the issues of material fact attempted to be relitigated by the taxpayer, to the extent not otherwise inadmissible, have been established conclusively in *Yusem v Metropolitan Dade County, etc., et al.,* Case No. 87-28001 CA 09. Consequently, the taxpayer is collaterally estopped from attempting to use affidavits to relitigate facts conclusively established in a proceeding involving the same parties and identical issues. *See, e.g., Robbins v M. C. Property Management, Inc.,* 16 F.L.W. C14, C14 (Fla. 11th Cir. Ct. Jan. 16, 1991) (applying collateral estoppel to Greenbelt exemption denied to same property in *Robbins v Capo,* 42 Fla. Supp. 2d 162 (Fla. 11th Cir. Ct. 1990)).

Thus, under the Greenbelt statute, once a property ceases to be used for *bona fide* commercial agricultural use after

(a) its purchase price for three or more times its agricultural assessment; or

(b) its rezoning to a nonagricultural use, its eligibility for Greenbelt exemption once terminated may not be relitigated year after year.

## I.

### *REZONING PROVISION OF GREENBELT STATUTE*

Denial of agricultural classification is mandated by the rezoning provisions of the Greenbelt statute, § 193.461(4)(a)3, and the decision in *Markham v Fogg,* 458 So.2d 1122 (Fla. 1984). The subject property was rezoned from an agricultural to a nonagricultural use at the

160

request of the owner in 1983 (Final Judgment, paragraph 2). Such rezoning gives rise to the presumptive denial of agricultural classification. § 193.461(4)(a)3; *Fogg*. This presumption can be rebutted only upon a showing that the property is continuously used for good faith commercial agricultural pursuits both before and after rezoning. Contrary to the second affirmative defense herein, the taxpayer is collaterally estopped by the judgment approving 1986 Greenbelt denial from asserting that the subject property was used for *bona fide* commercial agricultural purposes from its purchase in 1974 through 1985—well after its 1983 rezoning (Final Judgment, paragraph 14). After its rezoning to IU-C, the subject property could not have been used lawfully—i.e., in good faith—as cropland. Consequently, the presumption of denial of agricultural classification is not rebutted, *Fogg,* because no use as *bona fide* commercial cropland could lawfully be initiated after the rezoning. Under such circumstances, section 193.461(4)(a)3 mandates reclassification of the subject property once and for all as nonagricultural. *See Fogg.*

## II.

### "THREE TIMES PURCHASE PRICE"

### PROVISION OF GREENBELT STATUTE

Denial of Greenbelt exemption is mandated also because the subject property was purchased for more than three times its agricultural assessment. *Capo,* 42 Fla. Supp. 2d at 166. Section 193.461(4)(c) provides:

"(c) Sale of land for a purchase price which is 3 or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agricultural, this presumption may be rebutted."

This provision has been applied as written. *Roden v K & K Land Management,* 368 So.2d 588 (Fla. 1979) (granting agricultural classification to portions of property used as citrus grove both before and after purchase for sales price six times agricultural assessment). Herein, the subject property was purchased in 1975 for $297,500. This purchase price was not just three times but 87 times the $3,400 agricultural assessment of the property in 1974. Because the final judgment in the 1986 classification case established that any agricultural use of the property between its purchase in 1974 and 1985 was not *bona fide* commercial agricultural (Final Judgment, paragraph 14), the tax-

**161**

payer could not and did not meet the special circumstances exception. Consequently, the so-called "3 times purchase price" statute provides an independent and legally sufficient basis for denial of Greenbelt exemption to the subject property for 1987. *Capo,* 42 Fla. Supp.2d at 166. *Cf. K & K Land Management,* 368 So.2d at 589.

## III.

### THE "YUSEM RULE"

Agricultural classification or "exemption" for property tax purposes is governed by section 193.461, Florida Statutes, Florida's Greenbelt Law. In passing the Greenbelt Law, the Legislature intended to encourage agricultural pursuits and to protect property owners using property for "bona fide" agricultural purposes. As amended, the Greenbelt Law restricts agricultural classification to lands which are used primarily for "bona fide"—i.e., "good faith"—agricultural purposes. § 193.461(3)(b), Fla. Stat. Through collateral estoppel, it has been established beyond dispute that the subject property was zoned exclusively 'for industrial use in 1983, and unused for *bona fide* commercial agricultural purposes from its 1974 purchase through at least 1985 (Final Judgment, paragraph 14). Where, as here, preexisting commercial agricultural use was not "grandfathered in" as a legal nonconforming use, IU-C is a nonagricultural zoning classification. *See* §§ 33-1 (76), 33-35, Code of Metropolitan Dade County, Florida. Commercial cropland was therefore a prohibited use of the subject property as of January 1, 1987. The taxpayer's defensive pleading to the contrary is rebutted by facts in the record which the taxpayer is collaterally estopped from disputing. Such industrially-zoned land is ineligible for Greenbelt exemption. *Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA) *rev. denied,* 569 So.2d 1282 (Fla. 1990).

The taxpayer opposed application of the "Yusem rule" to the property for 1987 on the purported ground that the Property Appraiser's policy was selectively enforced against the subject property. Assuming without deciding that the taxpayer properly pleaded selective enforcement as an affirmative defense, it appears that the Property Appraiser has consistently applied the Yusem rule to properties of various sizes located in various locales and zoning districts and subjected to various uses. *Robbins v Yusem,* 559 So.2d 1185 (Fla. 3d DCA), (9.7-acre IU-C Industrial Use, Conditional) parcel in unincorporated Dade County used for cropland in 1987 ineligible for Greenbelt exemption), *rev. denied,* 569 So.2d 1282 (Fla. 1990). *Accord Robbins v Tabor,* 573 So.2d 207 (Fla. 3d DCA 1991) (same, cattle pasture); *Robbins v Stuart International Corp.,* 559 So.2d 1188 (Fla. 3d

162

DCA) (same) *rev. denied,* 574 So.2d 143 (Fla. 1990); *Robbins v Carol Management Corp.,* 27 Fla. Supp.2d 38 (Dade County P.A.A.B. 1988); (340.74-acre parcel in unincorporated Dade County used for cattle pasture in 1987 and zoned RU-1 (Single-Family Residential), RU-TH (Townhouse), RU-L4 (Limited Apartment House), BU-2 (Special Business), IU-2 (Industrial, Heavy Manufacturing) ineligible for Greenbelt exemption), *rev'd,* 559 So.2d 1189 (Fla. 3d DCA), *rev. denied,* 576 So.2d 285 (Fla. 1990); *Robbins v M. C. Property Management, Inc.,* 46 Fla. Supp.2d —, 16 F.L.W. C14 (Fla. 11th Cir. Ct. Jan. 16, 1991) (5-acre parcel in Hialeah zoned M-1 (Industrial) used for cropland or orchard in 1988 ineligible for Greenbelt exemption); *Robbins v Lovell,* 45 Fla. Supp. 2d — (Fla. 11th Cir. Ct. 1991) (15-acre RU-1 (Single Family) parcel in unincorporated Dade County used for cattle pasture in 1987 ineligible for Greenbelt exemption); *Robbins v Futrell,* 16 F.L.W. C3 (Fla. 11th Cir. Ct. Dec. 20, 1990) (EU-1 (Single-Family One-Acre Estate) parcel in unincorporated Dade County used for commercial agriculture in 1987 ineligible for Greenbelt exemption); *Robbins v Capo,* 42 Fla. Supp. 2d 162 (Fla. 11th Cir. Ct. 1990) (1987 Greenbelt exemption denial on same property involved in *M. C. Property Management).*

Thus, besides being prima facie correct, the demonstrated uniformity with which the Property Appraiser has applied the Yusem rule was unrebutted by any evidence in the record. Under such circumstances, the taxpayer's purported selective enforcement defense is a "paper issue" without substance in law or fact and which cannot forestall the granting of relief to the Plaintiff-Property Appraiser. *Reflex, N.V. v Umet Trust,* 336 So.2d 473, 474-75 (Fla. 3d DCA 1976).

Based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED and ADJUDGED that:

1. The Property Appraiser's 1987 preliminary just value assessment of $1,900,580 and denial of "bona fide" agricultural classification are reinstated with respect to the property identified by tax roll folio no. 30-3029-001-0331.

2. The Tax Collector is authorized and directed to submit to the taxpayer a revised bill for deficiencies in taxes based on the just valuation set forth in paragraph 1 above, plus interest at the rate of twelve percent (12%) per annum from April 1, 1988 to the date of this judgment. Said taxes shall become delinquent and bear interest at the rate of eighteen percent (18%) per annum if unpaid at the expiration of thirty (30) days from the date of this judgment, and at such time the

163

Tax Collector shall be authorized to enforce the collection of such taxes as delinquent taxes as provided by law, without further order of this Court.

3. Judgment is hereby entered against Defendant Melvyn R. Yusem, Trustee, and in favor of the Plaintiff Property Appraiser.

4. Upon payment in full of the taxes referred to in paragraph 2 of the decretal portion of this judgment, the lis pendens previously filed in this cause shall be deemed dissolved.

5. The Court retains jurisdiction to tax costs in favor of the Property Appraiser.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 14th day of June, 1991.