PER CURIAM.
Taxpayer Harriet Kogan appeals a summary final judgment in favor of Property Appraiser Joel W. Robbins, upholding the denial of a homestead exemption. The trial court’s order states:
*356 Amended Order Granting Final Summary Judgment, at 1-2.
*355 “The sole issue presented and argued by both parties was whether year round occupancy of a vacation-condominium unit, in violation of zoning laws and the Condominium’s Articles of Incorporation, can be considered ‘good faith’ occupancy qualifying the taxpayer [for] a Homestead exemption.
The taxpayer filed an Affidavit stating that she had occupied the subject condominium unit year-round since the 1988 and 1989 tax years in question. The Property Appraiser filed an Affidavit stating that applicable zoning laws prohibit use of the property as a year round residence and restrict use of the property to transient vacation residences. Further, the Declaration of Condominium filed with the Court for the subject condominium restricts the use of the units as follows:
(A) Residential Use. Each Unit shall be used solely and exclusively for transient residential purposes. No Motel Unit in this condominium shall be utilized as a primary or permanent residence and Purchasers of Units in this condominium shall have purchased same with the intent and for the sole purpose of using Unit(s) as a vacation facility.
Neither party filed Affidavits contesting the facts set forth in the opposing party’s Affidavits. The Taxpayer argued that her year round residency qualified her for a homestead exemption, citing 1974 Op.Att’y Gen.Fla. 074-111 (April 9, 1974). The controlling authority, however, is Robbins v. Yusem, 559 So.2d 1185 (Fla. 3rd D.C.A.1990), rev. denied, 569 So.2d 1282 (Fla.1990), which held that a use of property in violation of zoning laws cannot be considered as a use in “good faith” qualifying a taxpayer for a tax exemption. See also Robbins v. Tabor, 573 So.2d 207 (Fla. 3rd D.C.A. 1991).
Based upon the Affidavits presented, the documents filed with the Court, and the authority of Yusem and Tabor, Final Summary Judgment is granted for the Property Appraiser and against the Taxpayer and the decisions of the Property Appraisal Adjustment Board granting the Taxpayer a Homestead Exemption are hereby overruled.”
*356 We agree and adopt the trial court’s opinion as our own.
Affirmed.